[No. 1346.   Decided May 28, 1894.]

JOSEPH BIERER, *Respondent*, v. JOHN BLUROCK, *Appellant*.

ASSIGNMENT FOR BENEFIT OF CREDITORS — EFFECT UPON ATTACHMENT LIEN — COMMUNITY DEBTS.

Under the insolvency act of March 10, 1893 (Laws 1893, p. 247), the lien of an attachment is not discharged by the subsequent filing of an assignment by the attachment debtor for the benefit of his creditors.

The presumption arising from the execution of a promissory note by the husband alone is that it was given for a community debt.

*Appeal from Superior Court, Clarke County.*

*N. H. Bloomfield*, for appellant.
*Miller & Stapleton*, for respondent.

The opinion of the court was delivered by

HOYT, J. — The principal question presented by the record and argued by counsel upon this appeal is, as to

whether or not the lien of an attachment is discharged by the filing of a petition under the insolvency act approved March 10, 1893. In the determination of this question it is not necessary, in our opinion, that we should enter into an investigation of the authorities to determine whether or not in the absence of statutory provisions the filing of a petition under an insolvency law of a state or of the United States will discharge such liens, for the reason that the question can here be determined solely upon our statute without the aid of such authorities. The law upon this subject prior to the passage of the amendatory act above referred to was contained in § 2741, Gen. Stat., which reads as follows:

"No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims. And such assignment shall have the effect to discharge any and all attachments on which judgment shall not have been taken at the date of such assignment; and after the payment of the costs and disbursements thereof, including the attorney fees allowed by law in case of judgment, out of the estate of the insolvent, such claim or claims shall be deemed as presented, and shall share *pro rata* with other claims as hereinafter provided."

In said amendatory act (Laws 1893, p. 247), the legislature declared that said § 2741 should be amended to read as follows:

"No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims; and after the payment of the costs and disbursements thereof, including the attorney fees allowed by law in case of judgment, out of the estate of the insolvent, such claim or claims shall be deemed as presented, and shall share *pro rata* with other claims as hereinafter provided."

Under the provisions of § 37 of art. 2 of our constitution, a section of an act cannot be amended by any reference thereto, but such amendment must be by setting forth the amended section at full length.    It must follow that whenever the legislature provides, as it did in the above stated amendment, that a certain section of a law shall be amended "so as to read as follows," that the effect of such act is to substitute the language of the amended section in place of the section amended, and to repeal every provision of the old section.

Such being the effect of the passing of the amendatory section, it took the place of the old section and repealed all of its provisions not contained in the section as amended.

To determine the intent of the legislature in so doing, it is necessary that we should look at the section amended and compare it with the amendatory section.    By doing so it will be seen that the amendatory section corresponds entirely with the amended one except that there is omitted the following language found in the old section:

"And such assignment shall have the effect to discharge any and all attachments under which judgments shall not have been taken at the date of such assignment."

There could have been but one object in the incorporation of this language in the old section, and that was to provide that proceedings under the statute should discharge the lien of attachments.    Such having been the object, its omission in the amendatory section must have been for the contrary one; that is, to provide that such liens should not be discharged by proceedings under the law.    If there had been other changes made in the old section there would perhaps have been room to have argued that such other changes were the ones which influenced the legislature in passing the amendatory section; but such was not the case. The only change made was in the omission of the language above quoted, and only one object could have been intended

thereby, and that was to change the rule which was established by the former law as to the effect of proceedings thereunder upon attachment liens, so that after the passage of the amendatory section they would not be affected thereby.

It is argued on the part of the appellant that the latter portion of the amendatory section cannot be so construed as to make sense unless it be assumed that the references therein are to the provision as to attachment liens in the old section; but even if this is so it would not authorize the court to hold that such reference kept in force a provision of the statute which by express enactment had been repealed; nor would it authorize the assumption that the claims referred to in the amendatory section were those which had been provided for in the section amended but as to which no provision was made. Even if all of the amendatory section after the words "respective claims" is so uncertain as to be incapable of interpretation by the courts, such fact could only require that these provisions should be disregarded and the preceding portion of the amendatory section held to be all that is left of the old section.

The argument of counsel for appellant, growing out of the language that the assignment shall not be valid unless made for the benefit of all creditors, though ingenious, cannot, in our opinion, have force. He can only assign such interest in his property as he has, and if at the time such assignment is made there is a valid lien thereon his assignment must be made subject to such lien. The argument of counsel, if carried to its legitimate conclusion, would compel a holding that such an assignment would not be valid unless by virtue thereof liens by way of mortgage were set aside so that the claims secured thereby could only be paid *pro rata* with other claims against the estate. There are doubtless good reasons why proceedings under

laws of this kind should discharge attachment liens, and the legislature could properly consider the arguments *pro* and *con* in relation to that question.    But it is the duty of the courts to construe the law as they find it, and not because of their opinions that the law is or is not wise attempt to nullify the intention of the legislature as manifested in its enactment.

It is further suggested by counsel for appellant that even if the law is to be construed as above stated, the judgment should be reversed, for the reason that the property sought to be subjected to its lien was community property, whereas the claim was in part at least founded upon the note of the husband alone; and he cites some opinions of this court as sustaining this contention.    In our opinion, however, the fact that this claim was founded in part upon the note of the husband would not negative the presumption that it was given in relation to community business, especially as there was a direct allegation in the complaint that the debt for which the note was given was a community debt. Under the circumstances of this case we think the form of the judgment rendered in the lower court was as favorable to appellant as he could ask, and, as the court did not err in determining as to the substantial rights of the parties, it will be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.