[No. 2069.   Decided March 26, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Philip Baum, Assignee,* v. THE SUPERIOR COURT OF WHATCOM COUNTY AND HON. JOHN R. WINN, *Judge.*

RELATIVE RIGHTS OF RECEIVER AND ASSIGNEE FOR BENEFIT OF CREDITORS.

The superior court has jurisdiction, under Code Proc., § 302, to appoint a receiver in an attachment case, who shall have power to manage, control and sell the property, when it is of such a character that its value would be diminished by mere lapse of time, although there is an assignment for the benefit of creditors pending in the court.   (HOYT, C. J., dissents).

The assignee of an insolvent debtor is not entitled to the possession of his assignor's property, which was in the possession of the sheriff by virtue of a valid attachment levied prior to the assignment.

*Original Application for Prohibition.*

*Kerr & McCord, Dorr, Hadley & Hadley,* and *S. M. Bruce,* for relator.

*Maxwell & Romaine,* and *Black & Leaming,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—On November 16, 1895, one Elias Green-

berg instituted an action in the superior court of
Whatcom county against Abraham Greenberg, a mer-
chant doing business under the name of Greenberg
Brothers, to recover an alleged indebtedness of about
$12,500.    Upon filing his complaint, the plaintiff sued
out a writ of attachment and placed the same in the
hands of the sheriff of Whatcom county, who imme-
diately executed the same by seizing and taking into
his possession a certain stock of goods owned by the
defendant.    On the same day, and shortly after the
levy of the writ of attachment, the defendant, Abra-
ham Greenberg, filed with the county auditor a deed
of assignment for the benefit of his creditors to one
Thomas Slade.    The assignee named in the deed de-
clined to accept the trust, and thereafter, and on De-
cember 14, the relator was elected assignee by the
creditors of the insolvent.    On November 21, 1895,
the plaintiff in the attachment suit applied to the
superior court for the appointment of a receiver to
take charge of the property covered by the attachment.
This application was continued from time to time un-
til the 18th of December, when the court appointed
C. W. Carter receiver, and ordered the sheriff to deliver
the attached property to him.    Soon after his appoint-
ment as assignee, and during the pendency of the
application for a receiver, the relator demanded the
possession of the goods from the sheriff, which demand
was refused, whereupon he applied to the superior
court for an order directing the sheriff to deliver the
property to him.    This application was denied at the
same time that the court made the order appointing
the receiver.    The relator thereupon applied to this
court for an alternative writ of prohibition command-
ing the superior court, and the judge thereof, to desist
from further interfering with said property, and to

refrain from doing or taking any steps towards the disposition thereof, other than to turn the same over to the possession of the relator. The receiver was also made a party to the proceeding. The alternative writ was issued as prayed for, and the respondents having made and filed their return thereto, the relator now moves this court to make the writ peremptory.

It appears from the return of the respondents that the receiver was already in possession of the property in controversy at the time the alternative writ was served, and the motion should therefore be denied, so far as the superior court is concerned, for the reason that there is no longer anything to be prohibited. But, inasmuch as the respondents have expressed a willingness that the writ may be regarded either as a mandamus or prohibition, we have concluded to determine whether, under any theory consistent with the established facts, the relator is entitled to any relief. And, in order to do so, we will consider, first, whether the superior court had the power to appoint a receiver; second, if it had such power, whether it was properly exercised in this instance; and, third, whether, if both of these questions are answered in the affirmative, the assignee had a right to the possession of the attached chattels, as against the sheriff, or his substitute, the receiver.

We think there can be no question as to the power of the court. That the legislature intended to authorize the several superior courts of this state to appoint receivers to take charge of attached property will be made manifest by a reference to § 302 of the Code of Procedure, which provides that, "the court before whom the action is pending, or the judge thereof, may at any time appoint a receiver to take possession of the property attached under the provisions of this

chapter, and to collect, manage and control the same,
and pay over the proceeds according to the nature of
the property and the exigency of the case." But it is
contended by the relator that although these courts may
have jurisdiction to appoint receivers in attachment
cases, their power, under the statute, is restricted to the
necessities of each particular case: that they have the
right of appointment only in cases where a receiver is
necessary for the preservation and protection of the
property, and "when it is not reasonable that either
party to the action should hold it;" and that no such
necessity was shown in this case.

It seems clear to us, however, that it was the under-
standing and intention of the legislature that these
special receivers should have power to do something
more than preserve and protect the property confided
to their care.   And we are of the opinion that they
may not only manage and control, but may also sell
the attached property, under the direction of the court,
when a sale will best subserve the interests of the
parties concerned, for otherwise the phrase "and pay
over the proceeds," etc., would be without force and
meaning.   Although it does not appear that the prop-
erty in question was of a strictly perishable nature, it
is, we think, fairly disclosed by the affidavits filed by
the plaintiff in the attachment suit with his applica-
tion for the appointment of a receiver, that it was of
such a character that its value would be diminished
by mere lapse of time, and that an early sale thereof
was desirable.   In view of these facts we are not pre-
pared to say that the action of the court, in appoint-
ing the receiver, was not warranted by the "exigency
of the case."

We are now brought to the consideration of the
question whether the assignee of an insolvent debtor

is entitled to the possession of property of his assignor which was in the possession of the sheriff by virtue of a valid attachment which was levied prior to the assignment. It is contended by the learned counsel for the relator that by the act of assignment all the property of the assignor, of whatever kind or nature, passed at once into the "manual custody of the law," and that such custody clothed the assignee with a right to immediate and exclusive possession of the property held under the attachment. It is true that the *title* to this property passed by the deed of assignment to the assignee, but it is not true that the right of possession also passed, for the assignor himself had no such right, and could not, of course, convey something which he did not have.

That such is the law in this state was decided in the case of *Bierer v. Blurock,* 9 Wash. 63 (36 Pac. 975.) The court in that case said, concerning the power of an assignor under our insolvent act, "he can only assign such interest in his property as he has, and if, at the time such assignment is made, there is a valid lien thereon, his assignment must be made subject to such lien." And in the case of *State, ex rel. Hunt, v. Superior Court,* 8 Wash. 210 (35 Pac. 1087), this court held that a receiver appointed by the court under an order directing him generally to take possession of the property of an insolvent corporation, takes no title to property of the corporation in the actual possession of the sheriff under an attachment lien, when the sheriff and the lienors have not been made parties to the action in which the receiver was appointed. No further citation of authorities is necessary upon this proposition.

An assignment in this state no longer, as formerly, effects a dissolution of a pre-existing attachment,

(Laws 1893, p. 247; *Bierer v. Blurock, supra*), and nothing but a dissolution of an attachment can destroy the lien created by it. Speaking of the effect and office of an attachment, Judge DRAKE, in his valuable work on Attachment, says:

"When an attachment is served, a lien on the property attached is created, which nothing subsequent can destroy but the dissolution of the attachment. It is said to be beyond the power of a state legislature to pass an act annulling it." Drake, Attachment (7th ed.), §224.

The question of fraud or bad faith on the part of the attachment creditor is not involved in this case, and consequently we have assumed, for the purposes of this proceeding, that the attachment lien is, in all respects, valid.

What we have already said disposes of the contention of the relator, and it is not, therefore, necessary to enter into any elaborate discussion of the point made by the respondents, that the superior court had no jurisdiction to grant an order awarding possession of the attached chattels to the assignee without the issuance and service of ordinary process, and without making the attachment creditor a party to the proceeding, and that the order applied for was, therefore, properly refused for that reason, if for no other.

We think the position of respondents is fairly sustained by the decision of the supreme court of the United States in the case of *Marshall v. Knox*, 16 Wall. 551.

The motion is denied.

SCOTT, GORDON and DUNBAR, JJ., concur.

HOYT, C. J. (*dissenting*).—I cannot agree with what is said in the foregoing opinion in reference to the appointment of the receiver in the attachment proceeding.

Such an appointment is justified only when the exigencies of the case require it. Such an exigency generally arises when the property is of such a nature that the rights of all parties will be best protected by the preservation and sale of the property under the direction of the court instead of by the sheriff under the direction of the statute. If it is preserved and sold by the sheriff, it must be in a certain prescribed manner, to follow which might result in the loss of the greater part of the value of the property attached. Hence the statute has clothed the court with the power to appoint a receiver through the agency of whom the property could be preserved and sold in the manner which the court in its judgment deemed proper. The power to appoint such a receiver was given that the court might thus control the care and disposition of the property, but where, as in the case at bar, there was already a receiver or assignee ready to take possession of the property attached, with all the other property of the debtor, and care for and dispose of it under the direction of the court, there was no necessity for the appointment of a receiver in the attachment proceeding. The only effect of such an appointment was to create a new agent of the court to discharge a duty within the powers of an agent which the court already had. Hence no exigency existed which warranted the appointment of a receiver in the attachment proceeding.