[No. 2191.   Decided October 9, 1896.]

GEORGE F. GUND, *Appellant*, v. JAMES PARKE, *Defend-
ant*, FANNIE M. PARKE, *Respondent*.

COMMUNITY PROPERTY — LIABILITY FOR HUSBAND'S DEBTS — INTERVEN-
TION BY WIFE TO PROTECT.

In an action against the husband on his promissory note, the
wife has a right to intervene, for the purpose of having any judg-
ment that may be rendered against the husband adjudge that the
debt was not a community debt and that it should not be satisfied
out of the community real property.

A promissory note made to evidence a debt which is not for the
benefit of the community cannot be collected out of community real
estate, although the note may have passed into the hands of a *bona
fide* purchaser for value before maturity.

A judgment against a husband on account of his separate indebtedness is enforceable against the community personal property.

Appeal from Superior Court, King County.—HON. RICHARD OSBORN, Judge. Modified.

*Allen & Powell,* for appellant :

The wife showed no right to intervene, and plaintiff's demurrer to her complaint, and his objection to the introduction of testimony in its support, should have been sustained. Her right to intervene cannot be sustained on the ground that she has the right to protect the community lands from the cloud of a judgment. For the plaintiff is seeking no relief against the community or its lands. "The matter in litigation" is not the question of how the husband's liability shall be satisfied, but whether there is such a liability. *Lewis v. Lewis,* 10 N. W. 586; *Bennett v. Whitcomb,* 25 Minn. 148; *Gasquet v. Johnson,* 1 La. 425; *Horn v. Volcano Water Co.,* 18 Cal. 141; *Taylor v. Adair,* 22 Iowa, 279; *State v. Superior Court,* 7 Wash. 77; *Smith v. Gale,* 144 U. S. 509. Even if the husband should fail to pay the judgment, it would not constitute a cloud upon any land in which the wife is interested, unless land standing in his name is in fact not his separate property but community property. The intervention complaint, therefore, brings in issue not only the character of the debt but the title to the land. An intervenor cannot so change the issues. *Loving v. Edes,* 8 Iowa, 427; *Meyer v. Stahr,* 35 La. An. 57; *Whitman v. Willis,* 51 Tex. 421; *Pool v. Sanford,* 52 Tex. 621.

*White, Munday & Fulton,* and *Greene, Turner & Lewis,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Plaintiff and appellant loaned to one F. L. Stinson the sum of $3,000 and took as collateral security therefor his promissory note for $3,500, payable to Stinson and signed by Stinson and Parke and L. C. Gilman. This action was brought on the collateral note to collect a judgment against Parke only. Fannie M. Parke, wife of the defendant, filed a complaint in intervention in which she alleged that she and defendant were the owners of community real property in King county, Washington; that the note sued on was a separate debt of the defendant and not a community debt, and that a judgment rendered thereon against her husband, the defendant, would be a cloud upon the community land. Her prayer was that any judgment that should be rendered against him should adjudge that the debt was not a community debt and that it should not be satisfied out of the community property. To this complaint in intervention the plaintiff demurred on the ground that the same did not state facts sufficient to constitute a ground for intervention. The court overruled the demurrer. At the close of the evidence the court withdrew the case from the consideration of the jury and directed a judgment to be entered in favor of the plaintiff against the defendant, and further directed that the judgment should adjudge that the debt was a separate debt of defendant, and that it was not to be satisfied out of the community property. Judgment was entered accordingly and an appeal was taken from so much of the decree as adjudged that the debt was not a community debt, and that it should not be satisfied out of the community property.

It is urged by the appellant that the wife showed no right to intervene because she had no interest in the

matter in litigation; that the matter in litigation was the husband's indebtedness · to the plaintiff; that the plaintiff was not seeking relief against the community poperty or its lands; that the question in litigation was not the question of how the husband's liability should be satisfied, but whether there was such a liability. It was held by this court in *McDonough v. Craig*, 10 Wash. 239 (38 Pac. 1034), that in an action upon a negotiable promissory note executed by the husband alone for what was alleged to be a community debt, the wife was a proper defendant; and upon a finding in favor of the defendant upon such issue he was entitled to have the debt adjudged as that of the community. This case overruled the rule of practice which had been announced theretofore by the court in *Commercial Bank v. Scott*, 6 Wash. 499 (33 Pac. 829), and we think the logic of *McDonough v. Craig* would permit the intervention of the wife and the determination of the liability of the community property before judgment as well as after. The court in that case said:

"This leaves for consideration only the question of practice as to the time when this *prima facie* presumption can properly be made conclusive. That the one having such a claim may at some time have this *prima facie* presumption made conclusive so evidently results from well-settled rules of practice that it will not be questioned; and if this is true, there would seem to be no good reason why this should not be done at the earliest possible moment, when the necessary parties can be brought before the court for that purpose."

And again :

"It necessarily follows that the plaintiff is entitled to have his judgment show upon its face the fact that it is for a community debt."

If that be true, then it seems to us that it would equitably follow that the wife would have a right to have the judgment show upon its face the fact that it was not a community debt. The plaintiff, under the rule announced, had a right to make the wife a party and he might have made her a party had he seen fit. Her rights are co-equal with those of the plaintiff. She introduced no new issues by her complaint in intervention, but only asked to have the question determined then that must necessarily be determined before the realization on the judgment. We therefore hold that the demurrer to the complaint was properly overruled.

The other proposition urged by the appellant raises the question whether the community real property is liable for the satisfaction of a judgment rendered upon an accommodation paper of the husband, negotiable in form, in favor of a *bona fide* holder who acquired the paper before maturity without notice of its accommodation character. It is urged by the appellant that in *McDonough v. Craig, supra,* and *Bierer v. Blurock,* 9 Wash. 63 (36 Pac. 975), it was held that all business which the husband transacts is presumed to be community business; that all contracts and obligations entered into by the husband are presumed to be contracts and obligations of the community. This is true, but the holding only went to the extent of a presumption, and the case of *McDonough v. Craig* was to the effect that this presumption could be overturned by testimony, and that the fact that the debt contracted was not for the benefit of the community would relieve the community real estate from liability. A lucid and strong argument is made by the appellant in his brief against the policy of this law, but it is an argument which should be

more properly directed to the legislature than to the courts. The uniform holding of this court, from the announcement of the decision in *Brotton v. Langert*, 1 Wash. 73 (23 Pac. 688), has been to the contrary. In the face of the statute we are unable to hold that the note made to evidence a debt which is not for the benefit of the community can be collected out of community real estate. So much has been said on this subject that it hardly seems worth while to enter into a discussion upon the merits of that question now. The court, however, in this case decreed that the debt was a separate debt of defendant and that it could not be satisfied out of the community property. This decision was too comprehensive, for, under the ruling of this court in *Powell v. Pugh*, 13 Wash. 577 (43 Pac. 879), the judgment could be enforced against the community personal property. It is conceded by the respondent that this case falls within the rule announced by the court in the case above cited, but the court is asked to overrule that case. We are, however, satisfied with the ruling made in that case and must hold that it was error in the court to exclude the community personal property from the operations of this judgment.

From the record, however, we can easily determine that no good purpose would be subserved in reversing the case and ordering a new trial, and the case will therefore be remitted with instructions to the lower court to modify its judgment in the manner above indicated, and as so modified it will be affirmed, the appellant to obtain costs of his appeal in this court.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J., concurs in the result.