In re BUELOW et ux.

(District Court, D. Washington, W. D.   November 24, 1899.)

1. BANKRUPTCY—EXEMPTIONS—HOMESTEAD.
   Where the state statute (Ballinger's Ann. Codes & St. § 5214) exempts as a homestead "the dwelling house in which the claimant resides and the land on which the same is situated," a bankrupt who resides in a city cannot claim a homestead in a tract of rural land, on which he has not actually lived for several years, although he originally acquired title to it under the United States homestead law, and asserts that he never intended to abandon his residence upon the land.

2. CONSTITUTIONAL LAW—AMENDMENT OF STATUTES.
   Under a constitutional provision that "no act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length" (Const. Wash. art. 2, § 37), where an amendatory statute is not complete in itself, but refers to a prior statute, which it changes by adding to its provisions, but does not repeal, so that the full declaration of the legislative will on the subject can be ascertained only by reading both statutes, the later act is void.

**3. BANKRUPTCY—EXEMPTIONS—INVALID EXEMPTION LAW.**

Where the exemption law of the state has been amended by a new statute allowing additional exemptions, but such later act is void for want of conformity to the constitutional requirements as to amending statutes, a bankrupt who has had set apart to him all the exemptions allowed by the original act cannot claim anything further under the amending statute.

**4. SAME—PERSONAL PROPERTY EXEMPT.**

Where a state exemption law sets apart to the householder certain domestic animals, and also provisions and fuel for the maintenance of the family for six months, and provides that a householder who does not possess, or does not choose to retain, such animals, may select and retain other property to the value of $250, the sum mentioned is to be understood as granted only in lieu of the animals; and a bankrupt who has received such commutation is not to be excluded from claiming a further allowance for provisions and fuel.

**5. SAME—ASSETS IN BANKRUPTCY—INSURANCE POLICY.**

A policy of insurance on the life of a bankrupt, which has no cash surrender value, and no value for any purpose except the contingency of its becoming valuable at the death of the bankrupt if the premiums are kept paid, does not vest in the trustee in bankruptcy, as assets of the estate.

In Bankruptcy. On review of decision of referee in bankruptcy.

H. W. Lueders, for bankrupts.

S. A. Crandall, for creditors.

HANFORD, District Judge. This is a case of voluntary bankruptcy, in which the petitioners have filed exceptions to the decision of the referee disallowing in part their claim to exempt property. It is quite difficult to ascertain from the record the real matter in dispute. I will pass upon the questions discussed orally and in the briefs submitted.

The bankrupts claim as a homestead a tract of land situated in the country, which has not been actually occupied as a home by the family during the several years of their residence in the city of Tacoma, while the husband has been carrying on business as a merchant, and which land was not occupied as a home by the bankrupts at the time of asserting their claim to it as an exempt homestead. The bankrupts also claim the benefit of an act of the legislature of this state relating to exemptions of personal property, approved March 11, 1897, which provides as follows:

"There shall be exempt from execution and attachment to every householder in the state of Washington personal property to the amount and value of one thousand dollars ($1,000) in addition to the property exempt under section 486 of volume 2 of Hill's Statutes and Codes of the State of Washington: provided, that no property shall be exempt from execution for clerks', laborers', or mechanics' wages, earned within this state, nor shall any property be exempt from execution issued upon a judgment against an attorney on account of any liability incurred by such attorney to his client on account of any moneys, or other property coming into his hands from or belonging to his client." Laws 1897, p. 93; Ballinger's Ann. Codes & St. § 5248a.

The laws of this state define a homestead to be protected against executions and forced sales for debt, as follows:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated. * * *" Ballinger's Ann. Codes & St. § 5214.

The referee denied the right of the bankrupts to claim as a homestead land not occupied as a residence at the time, and in this he appears to have been guided by the plain provisions of the statute. Against his decision the only argument offered is that the bankrupts acquired title to the land under the provisions of the United States homestead law, and that they have never intended to abandon their residence upon the land, but it is conceded that for their own convenience they have actually lived elsewhere for several years. In support of this contention, counsel cites the decision of the supreme court of this state in the case of Wiss v. Stewart, 16 Wash. 376, 47 Pac. 736. In this case the supreme court upheld the right of a judgment debtor, who was the head of a family, to select and claim as a homestead property which was in fact improved as a residence, and which had been continuously occupied by the family as their homestead for three years prior to the trial of the cause, and which was so occupied at that time. Arguendo, the case supports the referee's decision, and does not in the remotest degree aid the bankrupts in their contention that property not in fact occupied as a family residence at the time of making claim to it can be set apart as an exempt homestead.

The referee allowed to the bankrupts, as exempt, all of the personal property which he considered could be lawfully claimed under the provisions of section 486, Hill's St. & Codes, but denied their right to an additional exemption of $1,000, as provided in the act of 1897, above quoted, for the reason that said act is unconstitutional and void. The reasons for the referee's decision on this point are set forth by him in an opinion as follows:

"The constitution of the state of Washington (article 2, § 37) says, 'No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length.' Section 486, Hill's St. & Codes, specifies, under fourteen subdivisions, the property that shall be exempt from execution, and in each, excepting four, after enumerating the articles, the occupation or profession of the claimant, fixes the value in coin that the exemption shall not exceed. Black upon Interpretation of Laws, at page 361, says: 'Where an amendatory act refers to the act to be amended by its date, title, and subject-matter, a mistake in the two former is immaterial, provided the reference to the latter renders certain the identity of the amended act. * * * But in many of the states the constitution now contains a provision substantially as follows: "No act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." "As we understand this clause of the constitution," says the court of Ohio (Lehman v. McBride, 15 Ohio St. 602), "it requires, in case of an amendment of a section or sections of a prior statute, that the new act shall contain, not the section or sections which it proposes to amend, but the section or sections in full as it purports to amend them; that is, it requires, not a recital of the old section, but a full statement, in terms, of the new one. * * * The constitutional provision was intended, mainly, to prevent improvident legislation; and with that view, as well as for the purpose of making all acts, when amended, intelligible without an examination of the statute as it stood prior to the amendment, it requires every section which is intended to supersede a former one to be fully set out. No amendments are to be made by directing special words or clauses to be stricken from, or inserted in, a section of a prior statute which may be referred to, but the new act must contain the section as amended." ' To the same effect is Bierer v. Blurock, 9 Wash. 63, 36 Pac. 975; In re Petrini, Nat. Bankr. N., No. 11, p. 264. Counsel cites Zelinsky v. Price, 8 Wash. 256, 36 Pac.

and Carter v. Davis, 6 Wash. 327, 33 Pac. 833; but we do not think they have any material bearing upon the matter under consideration. The act of 1897 directs specified words, viz. 'personal property to the amount and value of one thousand dollars ($1,000),' to be inserted in a section of a prior statute. We are of the opinion that this cannot be done, and that the constitutional provision (article 2, § 37) is mandatory, and therefore that the act of 1897 is unconstitutional."

A statute which is complete in itself is not repugnant to the provision of the state constitution above quoted merely because it changes the existing laws of the state, and by implication repeals prior enactments relating to the same subject. Warren v. Crosby (Or.) 34 Pac. 661. But where, as in this case, the new act is not complete, but refers to a prior statute, which is changed, but not repealed, by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, the very obscurity and the tendency to confusion will be found which constitute the vice prohibited by this section of the constitution.

By his decision, the referee allowed to the petitioners, as part of their exemption, the sum of $250, in lieu of domestic animals not possessed by them, but refused to allow anything for provisions and fuel. The fourth paragraph of section 5248, Ballinger's Ann. Codes & St., allows to each householder, besides the domestic animals there mentioned, provisions and fuel for the comfortable maintenance of such householder and family for six months; also, feed for the animals for six months; and further provides that if he shall not possess, or shall not desire to retain, the animals above named, he may select and retain other property not to exceed $250 in value. I hold that the construction given to this statute by the referee is too narrow. The petitioners are entitled to have provisions and fuel in addition to the $250 allowed in lieu of animals, and, as the property has been sold and converted into money, I will order that an allowance be made to them, from the funds in the hands of the trustee, of $240 for provisions and fuel.

Certain life insurance policies are also claimed by the petitioners. They have no cash surrender value, and no value for any purpose, except as they may become valuable at the time of the death of the insured, provided the premiums shall be kept paid. Therefore they are not assets of the bankrupt estate, and I direct that the trustee deliver the policies to the petitioners.