[No. 8425.  Department One.  November 4, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Marvin L. Arnold, Plaintiff*, v. JOHN R. MITCHELL, *Judge of the Superior Court for Thurston County, Respondent.*[1]

ELECTIONS—PRIMARY ELECTIONS — STATUTES — IMPOSSIBLE CONDI-
TIONS.  Laws 1909, p. 174, § 4, amending the direct primary law, Laws
1907, p. 464, § 12, so as to require each elector voting at a primary
election to declare his party affiliations, and providing that he shall
receive the ballot only of the party for which he registered, is void
as requiring a condition impossible of performance; the registration
law making no provision for registration of party affiliations.

STATUTES—TITLE AND SUBJECTS—ELECTIONS.  Laws 1909, p. 174, § 4,
entitled an act relating to primary elections and amending certain
sections of the direct primary law, and which amends Laws 1907,
p. 464, § 12, is void as an amendment of the registration law, in so
far as it requires the registration of the elector's party affiliations
to entitle him to vote at a primary election, in that there is no refer-
ence in its title to the subject of registration, as required by Const.,
art. 19, § 2, and no reference to Laws 1907, p. 464, § 12 amended by
the act.

ELECTIONS—STATUTES—IMPLIED REPEALS.  Laws 1909, p. 174, § 4,
amending the direct primary law, Laws 1907, p. 464, § 12, so as to
require the registration of the elector's party affiliations, does not
impliedly repeal Bal. Code, § 1455, explicitly providing the mode of
registration, as it is not a complete act on that subject and repeals
by implication cannot be invoked piecemeal.

STATUTES—AMENDMENTS—TITLES AND SUBJECTS—ELECTIONS.  Laws
1909, p. 174, § 4, amending the direct primary law, Laws 1907, p. 464,
§ 12, so as to require the registration of the elector's party affiliations
in order to vote at a primary election, is void as an amendment to
the registration law, Bal. Code, § 1455, in that it does not set forth
the section in full as amended and is not a complete act upon the
subject of registration.

Certiorari to review a judgment of the superior court for
Thurston county, Mitchell, J., entered October 22, 1909,
upon sustaining a demurrer to the application, denying a

[1]Reported in 104 Pac. 791.

33—55 WASH.

writ of mandate to compel a city clerk to register the name of the relator upon the poll books.   Affirmed.

*Gordon Mackay*, for relator.

*W. V. Tanner, John M. Wilson,* and *George R. Bigelow,* for respondent.

CHADWICK, J.—The relator filed an application for a writ of mandamus directed to the city clerk of the city of Olympia, in the superior court of Thurston county, charging that the city clerk had refused to register him as a member of the republican party, and that, by reason thereof, he would be deprived of his privilege of participating in the primary elections for the year 1909, to be held under the provisions of the direct primary law.   The superior court refused to issue the writ.   The case is here upon a writ of review directed to the lower court.

In a most laudable endeavor to correct an existing abuse, the last legislature altered § 12 of the direct primary law passed in 1907 (Laws 1907, p. 457, ch. 209).   Section 12 was changed to read as follows:

"Every qualified person, properly registered as a voter in the election precinct enabling him to vote at the ensuing election where registration is required, and every qualified person in precincts where registration is not required, shall be entitled to participate in the primary election.   When he desires to vote at said primary each elector shall have the right to receive the ballot only of the party for which he registered if living in a precinct in which registration is required, or if living in a precinct in which no registration is required the ballot of the party for which he asks ;   .   .   . "   Laws 1909, p. 174, § 4.

The change occurs in the last clause.   As originally passed the law read: "When he desires to vote at said primary each elector shall have the right to receive the ballot and only the ballot of the party for which he asks."   At the time of the enactment of the primary law in 1907, and at the time of the attempted amendment, there was upon the statute books a

complete act covering the whole subject of registration. Bal. Code, chap. 7, §§ 1445-1464 (P. C. §§ 4905-4908, 4890-4904). It makes explicit provision for the manner of registration even to the arrangement of the poll books and the matter to be entered therein, viz:

"Date of registration; name; age; occupation; place of residence; place of birth; time of residence in the state, county, ward and precinct, and if of foreign birth, name and place of court and date of declaration of intention to become a citizen of the United States, or date of naturalization, and with column for signature and one for remarks, and one column for checking the name of the voter at the time of voting." Bal. Code, § 1455 (P. C. § 4895).

It will be seen that no reference is made to the party affiliation of the elector, nor is a disclosure upon that subject within the remotest purview of the law. Indeed, we do not understand that it is so contended. The titles of the primary law and of the amendatory act do not differ. They read: "An act relating to, regulating and providing for the nomination of candidates for public office in the State of Washington and providing penalties for the violation thereof." The new act of 1909 bears the same title with the addenda, "and amending sections 1, 2, 3, 5, 10, 13, 22, 29, 30, 33, and 38, . . . of an act relating to," etc., repeating the original title. *It will be observed that section 12 is not mentioned in the title of the act.* The trial court held the amendment to section 12 of the primary law to be ineffectual to accomplish its purpose, and unconstitutional.

From the statement of the case it may be seen that the judgment of the lower court must be sustained. But this court is nevertheless required by the organic law to state the grounds of its decision. The act of 1909, in so far as it says that the electors shall have the right to receive the ballot only of the party for which he registered, cannot be sustained, because it puts upon the voter a condition that is impossible of performance, and denies him a present right guaranteed by the constitution and exercisable except as limited by proper

statutory enactment. The amendatory act of 1909 does not, and under its title could not, provide for registration. Therefore the voter who has complied with the general law upon that subject would be met at the polls with a condition impossible of performance, for whatever the election officers may decide with reference to the primary law, the registration officer is bound by the terms of the registration law and cannot attach any condition not therein provided. Had the legislature said in this act that no voter should cast a ballot who at the time of registration had not declared property of the value of $1,000, we would have an analogous case. No provision is made in the registration act for such declaration, and certainly it cannot be contended that the legislature can bind an elector to a condition precedent without making some provision for the manner and place of performance.

If the act of 1909, in so far as it refers to section 12, be an attempted amendment of the registration law or of the primary law, it is void because there is no suggestion of an amendment to the registration law, or that section 12 of the primary law is to be amended in the title of the act. Perhaps the most salutary provision in our state constitution is section 2, art. 19: "No bill shall embrace more than one subject and that shall be expressed in the title." In it the people have found their most potent weapon against vicious legislation. It is a declaration that truth must go before, shedding its light upon every legislative act. It makes the title speak the object of the law. A wholesome statute, if declaratory of a subject not within the title, must fall before it, for it is general in its application. While it is intended as a guard against the bad in legislation, it is also intended as a herald of the true intent and purpose of the law. It is not within the power of the courts to declare a law which is passed in contravention of this mandate wholesome because it is so. If this power were exercised, it would result in a direct violation of the constitutional mandate and a usurpation of the functions of the legislature on the part of the courts. Laws would

be sustained or defeated by considerations of present policy rather than by reference to the constitution. It is not possible within the limits of this opinion to cite the authorities in support of this rule. We shall, therefore, pass it as axiomatic.

It cannot be sustained as a repeal of Bal. Code, § 1455 (P. C. § 4895). Repeals by implication are not favored, and while laws have been held to be repealed by implication, it is generally done when a complete act is passed, covering the subject-matter of an existing act. There must be an irreconcilable repugnancy between them, or a manifest intent to repeal all prior acts upon the same subject. *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107; *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91. To bring this law within that rule, we would be compelled to hold that the amendment repealed all of § 1455, thus leaving nothing of the registration law but a declaration of party principles. Repeals of statutes by implication are not to be worked piecemeal. There must be some certainty and security in the law. If we should adopt this theory to sustain the one, we must, under accepted rules of construction, kill the other. The mere statement of this proposition shows its fallacy, and needs no further discussion.

The act, if treated as an amendment to the registration law, falls squarely within the rule of *Copland v. Pirie*, 26 Wash. 481, 67 Pac. 227, 90 Am. St. 769. In that case the additional exemption statute of 1897 was declared to be in contravention of § 37, art. 2, of the constitution. It is there provided that no act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length. In that case, as in this, no mention was made of the act against which an amendment was worked. The court said:

"The section in question, it seems to us, is not complete in itself. It does not purport to add an additional section to the statute relating to exemptions of personal property, but purports to, and does, ingraft into the section of the existing

statute providing for such exemptions an additional exemption which alters its scope and effect. As such it is clearly amendatory of that section, and, to comply with the constitutional requirement, it should have set forth the section amended at full length. *Bierer v. Blurock*, 9 Wash. 63, 36 Pac. 975. This view of this act was taken by the learned judge of the district court of Washington in construing the exemption statutes of this state with relation to the national bankruptcy act. With reference to the question he said: 'A statute which is complete in itself is not repugnant to the provision of the state constitution above quoted merely because it changes the existing laws of the state, and by implication repeals prior enactments relating to the same subject. *Warren v. Crosby* (Ore.), 34 Pac. 661. But where, as in this case, the new act is not complete, but refers to a prior statute, which is changed, but not repealed, by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, the very obscurity and the tendency to confusion will be found which constitute the vice prohibited by this section of the constitution.' *In re Buelow*, 98 Fed. 86."

It will thus be seen that the attempted amendment cannot be intelligently applied without reference to the registration law, of which there is no notice either in the title or the body of the amendatory act. In its attempt to meet a condition the legislature has stopped short of its purpose, and its endeavor must be held to be ineffectual until a proper amendment is made to the registration law making compliance with the later law possible.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.