[No. 15970.   Department Two.   January 19, 1921.]

MARY CROWLEY, *Respondent*, v. MATT BAUMGARTNER, *Defendant*, MAMIE BAUMGARTNER, *Intervener*, *Appellant*.[1]

JUDGMENT (258)—FOREIGN JUDGMENTS — CONCLUSIVENESS — PERSONS BOUND—WIFE OF DEFENDANT. In an action upon a foreign judgment recovered against a husband alone, the wife may not intervene and set up defenses to the merits, as that was foreclosed in the courts of the sister state, under the full faith and credit clause of the constitution.

HUSBAND AND WIFE (90, 95)—COMMUNITY PROPERTY—ACTIONS—INTERVENTION BY WIFE—ENFORCEMENT OF FOREIGN JUDGMENT. In an action upon a foreign judgment recovered against a husband alone, it may be shown by proper proceedings that it is or is not for a community debt.

Appeal by intervener from a judgment of the superior court for Spokane county, Blake, J., entered May 6, 1920, upon findings in favor of the plaintiff, after striking the complaint in intervention, in an action on a foreign judgment, tried to the court. Affirmed.

[1]Reported in 194 Pac. 970.

7—114 WASH.

*John M. Gleeson,* for appellant and intervener.

*Horning & McEvers* and *J. Webster Hancox,* for respondent.

TOLMAN, J.—Mary Crowley, respondent here, on April 18, 1919, obtained a judgment in the district court of the state of Idaho, based on personal service against the defendant, Matt Baumgartner. Thereafter respondent brought suit on such judgment in this state against the same defendant. Appellant Mamie Baumgartner intervened in the cause, and by her amended complaint in intervention alleged that she and the defendant had been wife and husband since January 5, 1898, and that they had resided continuously in the state of Washington for fourteen years last past, and had never resided in the state of Idaho, and then proceeded to set up defenses on the merits, the same, in effect, as were pleaded by the defendant in the Idaho court.

On motion, appellant's amended complaint in intervention was stricken, except as to the allegations of marriage and residence in Washington, and she declined to plead further. The cause coming on for trial before the court sitting without a jury, the judgment of the Idaho court was offered in evidence, no evidence being offered on behalf of the defendant or the intervener, and thereafter findings were made and a judgment entered dismissing the complaint in intervention, and awarding recovery against the defendant for the amount of the Idaho judgment, plus interest and costs. The intervener alone appeals.

Appellant seems to contend that, the civil disabilities of married women having been abolished in this state, the wife should have been permitted to defend this action, under Rem. Code, § 182. Whatever may have been her rights in the courts of Idaho prior to

the determination of the issues there, the argument advanced is now no longer pertinent. The Idaho court was one of general jurisdiction. It had jurisdiction of the parties and of the subject-matter, and after it had found against the defendant and entered its solemn judgment to that effect, the courts of this state, under the full faith and credit clause of the Federal constitution, may not permit the defendant to again try the case on its merits, nor permit the wife or anyone else in his behalf to urge again the defenses which had been foreclosed by the judgment of the Idaho court.

True it is, whether the judgment against the husband alone be a foreign or domestic one, by proper proceedings it may be shown that it is or is not a community debt. *Gund v. Parke,* 15 Wash. 393, 46 Pac. 408; *Woste v. Rugge,* 68 Wash. 90, 122 Pac. 988. No such relief was sought here.

Judgment affirmed.

HOLCOMB, MOUNT, MITCHELL, and MAIN, JJ., concur.