[No. 21239. Department Two. October 3, 1928.]

RICHLAND IRRIGATION DISTRICT, *Appellant,* v.
C. E. DE BOW *et al., Respondents.*[1]

*M. M. Moulton,* for appellant.

*Geo. O. Beardsley,* for respondents.

*The Attorney General* and *B. B. Adams, Assistant, amici curiae.*

[1] Reported in 270 Pac. 816.

MAIN, J.—The plaintiff, an irrigation district, brought this action to prohibit the subjecting of property which it owns within the district to general taxation. To the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further and elected to stand upon its complaint. Judgment was entered dismissing the action, from which the plaintiff appeals.

This is a companion case to that of *Columbia Irrigation District v. Benton County, ante* p. 234, 270 Pac. 813, just decided, so far as the questions involved in that case are concerned. There is, however, in this case one additional question, and that is, whether ch. 243 of the Laws of 1927, p. 373; Rem. 1927 Sup., § 7440, is constitutional.

The first objection to the constitutionality of this act is that it is in contravention of art. 2, § 19, of the Constitution, which provides that "No bill shall embrace more than one subject, and that shall be expressed in the title." The act in question is entitled:

"An act relating to irrigation district assessments and tax exemptions and amending Section 22 of the Laws of 1890, pages 683-684, as amended by Section 10 of Chapter 138 of the Laws of 1923."

It is argued that irrigation district assessments and tax exemptions are separate and independent subjects which cannot be combined in one act. The argument is not persuasive, because the act does not purport to legislate upon the general subject of tax exemptions, but only as to such exemptions as they are applied to irrigation districts. In the act the only reference to tax exemptions is as applied to irrigation districts, and it cannot be said to be a matter entirely unrelated to such districts. The act provides that "all lands owned by the district shall be exempt from general state and county taxes."

In *McQueen v. Kittitas County,* 115 Wash. 672, 198 Pac. 394, it is said, with reference to the constitutional provision which provides that no act shall embrace more than one subject and that shall be expressed in the title:

"But this provision of the constitution was intended to prevent the legislature from embracing in one act wholly unrelated subjects; it was not intended to pre- vent the enactment of a complete law on a given sub- ject, even though the provisions of the law may be numerous and varied. The question then always is, does the act contain unrelated matters."

The exempting of property of irrigation districts from general taxation is not a matter which is wholly unrelated to such districts.

The next contention is that the act offends against art. 2, § 37, of the Constitution, which provides that:

"No act shall be revised or amended by mere refer- ence to its title, but the act revised or the section amended shall be set forth at full length."

It is said that this act is an attempt to amend Rem. Comp. Stat., § 11104, which covers the matter of tax exemptions generally. The only trouble with this argument is that it proceeds from a wrong premise. It assumes that ch. 243 attempts to amend Rem. Comp. Stat., § 11104, by reference, when the face of the act will not sustain such assumption. Section 1 of the act provides:

"Section 1. That section 22 of the Laws of 1890, pages 683-684, as amended by section 10 of chapter 138 of the Laws of 1923, (section 7440 of Remington's Compiled Statutes, 1923 Supplement; section 3218 of Pierce's Code) be amended to read as follows:"

The following paragraph sets out the section of the law as amended and contains the provision above quoted exempting property owned by irrigation dis-

tricts from general state and county taxes. It is true that there is a conflict between this provision and the general statute on tax exemptions which is irreconcilable. In such a case, the later act prevails and the prior act to the extent that the two are not harmonious is repealed by implication. *Callvert v. Winsor,* 26 Wash. 368, 67 Pac. 91; *State ex rel. Arnold v. Mitchell,* 55 Wash. 513, 104 Pac. 791.

The act does not come within that provision of the constitution which provides that no act shall be revised or amended by a mere reference to its title.

The third question is whether the legislature had the power, under the constitution, to exempt the property of irrigation districts from general taxation. Section 2 of art. 7 of the Constitution, after stating that the legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, provides

"That the property of the United States, and of the state, counties, school districts, and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation."

As above indicated, the act in question attempts to relieve all lands owned by irrigation districts from general state and county taxes. From the excerpt of the constitution quoted, it will be noted that the legislature has the power by general laws to exempt "other property" from taxation than that specified.

The first inquiry in this connection will be as to what is the proper meaning to be given to the language "other property." The answer to this will be found in *State ex rel. Chamberlin v. Daniel,* 17 Wash. 111, 49 Pac. 243, where it is held that the expression "other property" in the proviso meant public prop-

erty or property which was of a quasi-public nature. It was there said:

"We do not think it necessary in this case to resort to imputation, but think a reasonable construction can be placed upon the enactment which will give intelligent force and effect to each separate provision of the law, viz.: that the use of the expression, 'other property,' in the proviso was as a matter of caution, on the supposition that the special enumeration might not have embraced all public property, and that the changing conditions of society and of business, and changes of law, might create public property not then in existence. It is not unreasonable to conclude that in this connection they had also reference to property which is of quasi public nature and which it has been customary for legislatures to exempt from taxation, such as charitable institutions, public libraries, cemeteries and a similar class of properties. It cannot truthfully be said that such property is strictly private property. It does not enter into competition with private property. The public has an interest in such property and in its maintenance."

The public also has an interest in irrigation districts, and while the primary purpose of such districts is for the property owner within the district, they, nevertheless, have a public purpose. In *Fallbrook Irrigation District v. Bradley,* 164 U. S. 112, it is said:

"Millions of acres of land otherwise cultivable must be left in their present arid and worthless condition, and an effectual obstacle will therefore remain in the way of the advance of a large portion of the State in material wealth and prosperity. To irrigate and thus to bring into possible cultivation these large masses of otherwise worthless lands would seem to be a public purpose and a matter of public interest, not confined to the landowners, or even to any one section of the State."

Property owned by an irrigation district is, therefore, of a quasi-public nature, and the legislature had

the right to exempt such property from general taxation.

It is further argued in this connection that the act is a special and not a general law because it does not include drainage and diking districts. Section 2 of art. 7 of the Constitution, above referred to, provides that the legislature may by "general laws" make the exemption. The act by its terms applies to all irrigation districts, and in this sense it is general. As pointed out in *Columbia Irrigation District v. Benton County, supra,* an irrigation district is an instrumentality or agency of the state created for certain purposes and is a quasi-municipal corporation. Even if drainage and diking districts are also quasi-municipal corporations, it does not follow that the act is special and not general because it does not include them. In *State ex rel. Hunt v. Tausick,* 64 Wash. 69, 116 Pac. 651, 35 L. R. A. (N. S.) 802, it was held that an act authorizing cities of the second class and cities of the third class having a certain population to adopt a particular form of government was not special legislation, although it created a new classification within the old classes. It was there said:

"Many courts have held that an act general in its terms and operation, applicable to certain cities which may constitute a portion only of a class theretofore existing, creates a new classification in itself, and is valid as such. *Eckerson v. Des Moines,* 137 Iowa 452, 115 N. W. 177; *Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781; *State ex rel. Jones v. Graham,* 16 Neb. 74, 19 N. W. 470; *McCarter v. McKelvey,* 78 N. J. L. 3, 74 Atl. 316; *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603.

"The cases cited hold that statutes made applicable to cities of certain population within a class theretofore organized are valid, have uniform operation throughout the state, and are not special laws; clearly recognizing that such acts of themselves create a new

class. Under our constitution it is, therefore, permissible for the legislature, after it has classified cities of the state, to create a class within such existing classes, so long as it does so by general laws and according to population."

A special law is one which relates to particular things or persons, while a general law is one which applies to all persons or things of a class. In *Young Men's Christian Association v. Parish,* 89 Wash. 495, 154 Pac..785, it is said:

"A special law is one which relates to particular persons or things, while a general law is one which applies to all persons or things of a class. A law is general when it operates upon all persons or things constituting a class, even though such class consists of but one person or thing; but the law must be so framed that all persons or things constituting the class come within its provisions." (Citing authorities.)

Since the act applies to all irrigation districts, it is a general and not a special law, even though it does not include drainage or diking districts. If drainage, diking and irrigation districts may be said to constitute a general class, the legislature, nevertheless, had a right, under the doctrine of *State ex rel. Hunt v. Tausick, supra,* to make a classification within that class.

We conclude that the legislature, in exempting property of irrigation districts from general state and county taxes, acted within its constitutional authority.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer to the complaint.

FULLERTON, C. J., TOLMAN, BEALS, and ASKREN, JJ., concur.