[No 2137. Decided June 18, 1896.]

THOMAS LANCEY *et al.*, *Appellants*, v. KING COUNTY *et al.*, *Respondents.*

CONSTITUTONAL LAW — TITLE OF ACT — PUBLIC IMPROVEMENTS —
COUNTY AID — EMINENT DOMAIN — EXERCISE FOR BENEFIT OF
UNITED STATES.

An act of the legislature will not be declared void on the ground
of violating the constitutional provision that "no bill shall em-
brace more than one subject, and that shall be expressed in the
title," unless the violation is most clear — sound policy and legisla-
tive convenience requiring that this provision should be liberally
construed.

The act of February 12, 1895, entitled "an act to grant and pre-
scribe powers of counties relative to public works undertaken or
proposed by the State of Washington, or the United States," con-
tains but one subject matter, which is fairly embraced within the
scope of its title.

An act authorizing counties to condemn land for a right-of-way
for a ship canal projected by the general government, is not a vio-
lation of art. 8, § 7, of the constitution, which forbids counties
giving any money or property, etc., to or in aid of any individual,
association, company or corporation, etc., as neither the state nor
the United States can be brought within the meaning of the section.

Such undertaking is not open to the objection that it is in viola-
tion of art. 8, § 6, of the constitution, which prohibits a county
from incurring debt for any other than strictly county purposes, as
it is entirely within the limits of the county, and for the purpose
of connecting two large local waterways with the Pacific ocean.

The fact that an act authorizes the exercise of the state's emi-
nent domain for the purpose of constructing a ship canal which
shall be under the control of the general government, but for the
use and benefit of the public generally, will not render the act
unconstitutional, when there is no express constitutional provision
prohibiting it.

Appeal from Superior Court, King County.— Hon.
J. W. LANGLEY, Judge.  Affirmed.

*C. W. Turner*, for appellant.

*A. W. Hastie*, Prosecuting Attorney, (*Roger S.*

*Greene*, and *Thomas Burke*, of counsel), for respondents.

The opinion of the court was delivered by

Scott, J.—This action was brought to enjoin the respondents, as county officers, from proceeding, under an act of the legislature approved February 12, 1895 (Laws 1895, p. 3), entitled "An act to grant to and prescribe powers of counties relative to public works undertaken or proposed by the State of Washington, or the United States, and declaring an emergency," to condemn land for a right of way for a ship canal to connect Lakes Union and Washington in King county with the waters of Puget Sound, an undertaking projected by the general government.

The constitutionality of the act is attacked upon several grounds, the first of which is that it is in violation of § 19, art. 2, of the constitution, which provides that " No bill shall embrace more than one subject, and that shall be expressed in the title." Similar provisions are contained in the constitutions of many of the states, and there are so many cases bearing upon the proposition as to prevent a consideration of them in detail. It is well settled, however, by the weight of authority, that an act of the legislature will not be declared void except in cases where the violation of this constitutional inhibition is most clear, and sound policy and legislative convenience require that this provision should be liberally construed. The subject of this act is the condemnation and disposal of land by counties for a public use in relation to public improvements undertaken by the State or the United States; and, in our opinion, the subject matter of the act is fairly included within the· scope of its title, and there is nothing misleading in

the title. The powers granted are not itemized therein, but this is unnecessary. The title gives notice that certain powers are granted for the purposes mentioned, and that those powers are prescribed in the act. There is one general subject embraced in the act and only one, and that is expressed in the title sufficiently to prevent any person from being misled thereby. The purpose of the title is only to call attention to the subject matter of the act, and the act itself must be looked to for a full description of the powers conferred. *Marston v. Humes*, 3 Wash. 267 (28 Pac. 520); *Montclair v. Ramsdell*, 107 U. S. 147 (2 Sup. Ct. 391); *State, ex rel. McCarty, v. Comrs.*, 26 Ind. 522; *People v. Briggs*, 50 N. Y. 553; *Alleghany Co. Home's Case*, 77 Pa. St. 77; *Johnson v. People*, 83 Ill. 431.

Another objection is that the act is in conflict with § 7, art. 8, of the constitution, which provides that, " No county . . . shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation." It is clear that neither the state nor the United States is an "individual, association, company or corporation," within the meaning of this section, and cannot legitimately be brought therein by any judicial construction thereof. *Walker v. Cincinnati*, 21 Ohio St. 14 (8 Am. Rep. 24).

It is next insisted that the act is obnoxious to the provisions of § 6, art. 8, of the constitution, which prohibits a county from incurring debt for any other than strictly county purposes, it being contended that the tax to be levied in the prosecution of said under-

taking is not for a county purpose, but that it is for a state or federal purpose. But it is beyond question that the proposed undertaking is a public improvement. It is entirely within the limits of King county, and is for the purpose of connecting two large public waterways with the Pacific ocean, and it seems to us that such a canal can more properly be considered a public improvement than a railway for the construction of which it is well settled that aid may be granted by a municipality when authorized to do so by the legislature, there being no constitutional prohibition. The word "strictly" lends little or no additional meaning to the provision. It could not have been intended thereby to limit counties to ordinary running expenses, and a canal may be as strictly a county purpose as a highway or a bridge, etc. It is apparent that the benefits resulting from this particular improvement will be largely local, notwithstanding the fact that it may also be of great general benefit, and it results that the purpose of the tax is local as well as public. 1 Desty, Taxation, §§ 8, 59; *Goddin v. Crump*, 8 Leigh, 120; *County of Mobile v. Kimball*, 102 U. S. 691; *Folsom v. Ninety-Six*, 159 U. S. 611 (16 Sup. Ct. 174); *Atlantic Trust Co. v. Darlington*, 63 Fed. 76; *Hasbrouck v. Milwaukee*, 13 Wis. 42 (80 Am. Dec. 718); *Burr v. Carbondale*, 76 Ill. 455.

The remaining objection to the act and the one most strongly insisted upon by the appellants is that the act authorizes the exercise of the state's eminent domain for the use and benefit of the United States. But this is hardly a fair statement of the proposition. While it is proposed to convey the right of way, when obtained, to the United States, the improvement is for the use and benefit of the general public and in a much greater degree for the citizens of that locality.

It is not to be occupied and controlled by government agents like a fort, but is for everybody's use as a great public highway, and the control by the general government is only to regulate that use for the general good, and it matters little by whom this is done. The essential character of the work, as a local public improvement directly connected with the commercial business of the citizens of the county, cannot be taken away from it, even though it has a considerable value to the general government for naval purposes and otherwise. It is apparent that the character of the work cannot be essentially altered by its ownership or control, and it is immaterial whether the United States or the county prosecutes the enterprise, or whether they do so jointly. Nor can it make any difference whether the power of the state or that of the general government is invoked to condemn the right of way. It is conceded that either the United States or the county could singly prosecute the enterprise, and if either could do it, it would require some good reason for holding that they could not proceed jointly. The appellants contend that, in all cases where the eminent domain of the state is exercised in the prosecution of a public improvement, the improvement when constructed must remain in the control of the local authorities. If this assertion were true, it would afford a sufficient reason for holding that the contemplated undertaking was unauthorized in the form in which it is being prosecuted. But we are clearly of the opinion that this contention is not well founded, as, if the improvement be for a public use and benefit, the state can authorize the exercise of its eminent domain by individuals or by corporations other than municipal, and if there is no constitutional prohibition, it may be a foreign corporation. *N. Y.*

& *Erie Ry. Co. v. Young*, 33 Pa. St. 175; *Abbott v. N. Y. & N. E. R. R. Co.*, 145 Mass. 450 (15 N. E. 91). And in such cases the control or management of the improvement is not retained by the state. For a more marked instance see the case of *In re Townsend*, 39 N. Y. 171, where a canal was constructed without the limits of the state, but which resulted in some damage to lands within the state.

Appellants concede that there are several cases holding that the exercise of the state's eminent domain can be for the benefit of the United States, but they contend that in such instances the question of the public use was a legislative and not a judicial question; but it is apparent that this can go only to the manner of deciding it, and if it is for a public use, the condition is satisfied, however decided.

A case very like the one at bar was that in the *Matter of Petition of United States*, 96 N. Y. 227, where many of the cases are taken up and considered. There, by an act of the legislature, the United States was granted the right to acquire the right of way necessary for the improvement of the Harlem river and Spuyten Duyvil creek, and for the construction of another channel from the North river to the East river through the Harlem Kills, and ceding jurisdiction. The undertaking was prosecuted jointly by the state and national governments, and the court said that if either party might proceed in the matter, "it would be very singular if that which either party might do could not with equal propriety be accomplished by both." If such were not the case, it might prevent the consummation of a great public undertaking, such as is contemplated here, on account of the vast expense, if it was to be exclusively borne by the locality principally benefited, and through the

unwillingness of the general government to bear the entire expense where the benefits were so largely local.

We are of the opinion that no such condition of affairs was intended by the constitution makers, and there being no express provisions in the constitution prohibiting it, a narrow, technical construction should not be adopted to bring it about.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.