[No. 3678. Decided December 6, 1901.]

GEORGE H. COPLAND, *Appellant,* v. JAMES PIRIE *et al.,*

*Respondents.*

STATUTES — AMENDMENT — CONSTITUTIONAL LAW.

Under art. 2, § 37, of the state constitution, which provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length," § 1 of the act of March 11, 1897 (Laws

1897, p. 93), which provides that "there shall be exempt from execution and attachment to every householder in the state of Washington personal property to the amount and value of one thousand dollars, in addition to the property exempt under § 486 of volume 2 of Hill's Statutes and Codes of the State of Washington," is unconstitutional on the ground that it amends an existing statute by ingrafting into it an additional provision which alters its scope and effect, and fails to set forth the statute in full as amended.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Reversed.

*S. D. King,* for appellant.

*H. H. Herren* and *William B. Allison,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The sole question presented by this appeal is the constitutionality of the first section of the act of March 11, 1897, entitled "An act relating to exemptions of personal property."  Session Laws 1897, p. 93.  The section is as follows:

"Section 1. There shall be exempt from execution and attachment to every householder in the state of Washington personal property to the amount and value of one thousand dollars ($1,000) in addition to the property exempt under § 486 of vol. 2 of Hill's Statutes and Codes of the State of Washington: provided, that no property shall be exempt from execution for clerks', laborers', or mechanics' wages, earned within this state, nor shall any property be exempt from execution issued upon a judgment against an attorney on account of any liability incurred by such attorney to his client on account of any moneys, or other property coming into his hands, from or belonging to his client."

It is contended that the act violates, among others, § 37, art. 2, of the state constitution, which provides that "no act shall ever be revised or amended by mere reference to

its title, but the act revised or the section amended shall be set forth at full length." In construing similar constitutional provisions the courts seem generally to have held that this requirement does not apply to supplemental acts not in any way modifying or altering the original act, nor to those merely adding new sections to an existing act, nor to acts complete in themselves, not purporting to be amendatory, but which by implication amends other legislation on the same subject. On the other hand, the courts are equally emphatic that if the act is not complete in itself, and is clearly amendatory of a former statute, it falls within the constitutional inhibition, whether or not it purports on its face to be amendatory or an independent act. See cases collected in 23 Am. & Eng. Enc. Law, pp. 282, 283. The section in question, it seems to us, is not complete in itself. It does not purport to add an additional section to the statute relating to exemptions of personal property, but purports to, and does, ingraft into the section of the existing statute providing for such exemptions an additional exemption which alters its scope and effect. As such it is clearly amendatory of that section, and, to comply with the constitutional requirement, it should have set forth the section amended at full length. *Bierer v. Blurock,* 9 Wash. 63, 65 (36 Pac. 975). This view of this act was taken by the learned judge of the district court of Washington in construing the exemption statutes of this state with relation to the national bankruptcy act. With reference to the question he said:

"A statute which is complete in itself is not repugnant to the provision of the state constitution above quoted merely because it changes the existing laws of the state, and by implication repeals prior enactments relating to the same subject. *Warren v. Crosby* (Or.) 34 Pac. 661. But where, as in this case, the new act is not complete,

but refers to a prior statute, which is changed, but not repealed, by the new act, so that the full declaration of the legislative will on the subject can only be ascertained by reading both statutes, the very obscurity and the tendency to confusion will be found which constitute the vice prohibited by this section of the constitution." *In re Buelow*, 98 Fed. 86.

The order appealed from is reversed, and the cause remanded for further proceedings.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.