[No. 7918.    Department One.    October 6, 1909.]

THE STATE OF WASHINGTON, *on the Relation of J. Clinton McFadden, Appellant*, v. E. SHORROCK *et al., Respondents*.[1]

STATUTES — TITLE AND SUBJECTS — SCHOOL LAWS—VACCINATION. The provision in the school law for compulsory vaccination is within and germane to the title "An act to establish a general and uniform system of public schools," since the title need not be a complete index of the act, and may cover but one general subject, and the clause but defined the class of persons permitted to attend school and includes the means of effecting the object sought.

SCHOOLS AND SCHOOL DISTRICTS — CONDITIONS OF MEMBERSHIP— STATUTES—REPEALS—CONFLICT. The act, Laws 1907, p. 569, providing for compulsory attendance upon the public schools, does not conflict with or impliedly repeal the prior act, Laws 1905, p. 262, § 3,

[1]Reported in 104 Pac. 214.

subd. 9, providing that successful vaccination shall be required as a condition precedent to school membership; and the two acts together require compulsory vaccination.

SAME—COMPULSORY ATTENDANCE AND VACCINATION. The legislature has power to require all minors to attend the public schools and all pupils to be vaccinated.

SAME—STATUTES—EXCEPTIONS PRESUMED. In a law for the compulsory vaccination of all pupils attending the public schools, an exception will be presumed in favor of individuals whose health is such as to render the operation dangerous or injurious.

SAME—EXCEPTIONS—STATUTES—DEFINITENESS. A law requiring "successful vaccination" of school children is not too indefinite for enforcement because of its failure to define the terms used; and permitting attendance after the usual reaction, or after three operations without reaction, is not a violation of the statute, but a recognition of an intended exception.

Appeal from an order of the superior court for King county, Morris, J., entered December 4, 1908, upon overruling a demurrer to the answer, dismissing an application for a mandamus to compel a board of directors to permit a pupil to attend a public school. Affirmed.

*Revelle, Revelle & Revelle*, for appellant.

*John W. Whitham*, for respondents.

FULLERTON, J.—On October 30, 1908, the board of directors of Seattle School District No. 1, King county, state of Washington, at the suggestion of the commissioner of health of the city of Seattle, and the King County Medical Society, adopted a resolution requiring all pupils desirous of attending the public schools of the district to be successfully vaccinated as a condition precedent to their right so to do; further directing that the resolution be not enforced against any one whose condition of health was such as to render it unsafe for him to undergo vaccination. Under the provisions of this resolution, the appellant's minor son was excluded from one of the schools of the district, known as the University Heights school, solely because he refused to sub-

mit to vaccination.  The appellant as relator thereupon applied to the superior court of King county for a writ of mandate against the board of directors to compel them to admit his son to the school.  To his application the board of directors made a return, in which they gave as reasons for excluding the son the resolution above mentioned, together with the recommendations on which it was founded; the fact that smallpox then existed to a greater or less extent in the city of Seattle, and was epidemic in a mild form in many of the nearby cities; that the minor son of the appellant refused to be vaccinated, and the parents and guardian refused to cause or permit him to be vaccinated, and that to permit him to attend the school would be a menace to good health; and further that, by virtue of the laws of the state of Washington, the board of directors are clothed with power, and it is their duty, to require successful vaccination as a condition to school attendance, whenever in their judgment conditions demand the exercise of the power.  To this return the appellant demurred on the grounds, first; that the act of the legislature on which the resolution of the board of directors was founded is unconstitutional; second, that it was repealed by a subsequent statute; and third, that it is too indefinite to be capable of enforcement.  The superior court held the return to be sufficient, and overruled the demurrer.  The appellant then elected to stand on his demurrer, whereupon the court entered a judgment dismissing the application.

The appellant urges in this court the objections to the return he insisted upon in the court below.  He argues that the clause of the act of the legislature which the board of directors rely upon to sustain their action is unconstitutional, because it is not included in the title of the act of which it forms a part.  In 1897, the legislature by a general act under the title "An act to establish a general uniform system of public schools in the state of Washington, and repealing," etc., provided a complete code for the government of the state educational institutions, and repealed by express

mention practically all of the prior acts relating thereto then upon the statute books. Laws 1897, p. 392; Laws 1905, p. 262. The act, among other things, provided for the organization of school districts in cities having a population of ten thousand or more, and the election of a board of directors to have charge and control of the schools and school property therein. Section 92 of the act reads as follows:

"Every board of directors shall have power, and it shall be their duty—   .   .   .

"Ninth: To require successful vaccination as a condition of school membership and to provide free vaccination to all who are unable to pay for the same." Laws 1905, p. 263.

It is this clause that is thought not to be within the title of the act.

The section of the constitution providing that "No bill shall embrace more than one subject, and that shall be expressed in the title," has frequently been a subject for consideration by this court. In the early case of *Marston v. Humes*, 3 Wash. 267, 28 Pac. 520, we said that this word "subject" as used in the constitution could be interpreted in two ways; one to hold that the word is not capable of further reduction, and the other "to hold that it means a single subject in a more enlarged sense, in which may be included a large number of sub-subjects"; that to adopt the first would so tie the hands of the legislature as to make legislation extremely difficult if not impossible, while to adopt the second would substantially subserve the object which the framers of the constitution had in view, and at the same time leave the legislature free to legislate in a reasonable manner. The more liberal construction was thereupon adopted, and it has been the rule followed by the court since that time. Thus, in *Lancey v. King County*, 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817, it was held that an act of the legislature will not be declared void under this clause of the constitution except in cases where the violation is most clear; and that both public policy and legislative convenience require that this provision

should be liberally construed; that the purpose of the title is only to call attention to the subject-matter of the act, and that the act itself must be looked to for a full description of the powers conferred. In *State ex rel. American Sav. Union v. Whittlesey*, 17 Wash. 447, 50 Pac. 119, it was said that while the object of the constitutional provision is that neither the members of the legislature, nor the people, shall be misled by the title of a legislative act, it had never been held that the title should embody all the distinct provisions of the act in detail; that such a construction would be eminently unreasonable, for in such a case the body of the act would be nothing more than a repetition of the title. Again, in a number of cases it has been held that the title need not be an index to the body of the act, but is sufficient if it gives such notice of its subject as to reasonably lead to an inquiry into its body. See, *Seattle v. Barto*, 31 Wash. 141, 71 Pac. 735; *State v. Sharpless*, 31 Wash. 191, 71 Pac. 737, 96 Pac. 893; *McKnight v. McDonald*, 34 Wash. 98, 74 Pac. 1060; *Seattle & Lake Washington Waterway Co. v. Seattle Dock Co.*, 35 Wash. 503, 77 Pac. 845. In *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110, the court in passing on the question whether a penalty for practicing dentistry without a license could be enacted under a title reading "An act to regulate the practice of dentistry in the state of Washington, and declaring an emergency," used this language:

"It is true, the act shall contain but one subject, and that shall be expressed in its title. While the act shall contain but one subject, yet there are many phases of that subject that may properly be treated in the same act, just as a work upon the subject of damages may treat upon many phases of the general subject. It is impracticable to indicate in the title of either a book or a legislative act every phase of the general subject that may be treated. The subject of an act being to regulate the practice of a given profession, the legislature may include in the act the means related to the subject for effecting the object sought."

The clause in question, it will be noticed, does not empower the board of directors of the district to provide for compulsory vaccination. The appellant may or may not, as suits his desire, require his son to be vaccinated. The act does no more than provide that the board of directors may make vaccination a necessary condition precedent to attendance upon the public schools. It thus stands on the same plane as the provisions contained in the act for the exclusion of those afflicted with infectious or contagious diseases, or who reside in houses wherein such diseases are prevalent. In other words, it defines the class of persons who may be permitted to attend the schools created by the act. It seems to us, therefore, that when considered in the light of the rule announced by the cases cited, this clause is clearly within the title of the act. One would expect to find in an act establishing a general, uniform system of public schools, a provision defining the class of persons who may be permitted to attend on the schools thus created. It was therefore germane to the general subject, and this is sufficient to sustain its enactment under a title covering the general subject.

The second contention is that the act is repealed by the subsequent statute of March 16, 1907 (Laws 1907, p. 569), providing for the compulsory education of children. But this contention is likewise untenable. There is no express repeal of the one statute by the other, nor is there such a conflict between them as to work a repeal by implication. If the later statute required compulsory attendance on the public schools, the two statutes taken together might require compulsory vaccination, but even in that case there would be no repeal of the former by the latter; the legislature has power to require all minors to attend the public schools and to require them to be vaccinated before so attending. *Jacobson v. Massachusetts*, 197 U. S. 11, 11 Sup. Ct. 39, 49 L. Ed. 643. Nor is the statute void because it makes no allowance for those physically incapable of vaccination. But, as said by the su-

preme court of the United States, in *United States v. Kirby*, 7 Wall. 482, 19 L. Ed. 278:

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter."

So here it is not presumed that the legislature intended to require, as a condition of its right to attend the public schools, the vaccination of a child whose condition of health is such that the operation would endanger its life or injuriously affect it mentally or physically. It is presumed that exceptions were intended in favor of such individuals, and if the officers having in charge the execution of the statute refused to recognize an exception in such a case, the courts can be appealed to to compel such recognition.

Finally, it is said that the statute is too indefinite to be capable of enforcement. This is founded on the fact that it requires "successful vaccination," and no definition of the term is furnished by the statutes. The board of directors, it appears, construed the statute to mean that a person was successfully vaccinated when the customary reaction was obtained by the operation, or when three operations had been performed without obtaining reaction. Here, again, we think the rule of common-sense construction can properly be invoked. Of course, if the customary reaction follows the operation, there is no question concerning the success of the operation. But if no reaction follows three several operations, it is evident that the individual cannot be vaccinated, and such individual can be held to be either successfully vaccinated, or as one not included within the general language used in the statute. To allow individuals to attend the schools, who from their condition of health or other causes cannot be successfully vaccinated, is not a violation of the statute as the appellant supposes. This is but a recognition

of an exception intended by the legislature, but which was not provided for because not foreseen.

We find no objection to the statute itself, nor to the manner in which it is being enforced. The order appealed from will therefore stand affirmed.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.

MORRIS, J., took no part.