[No. 8326.   Department Two.   February 3, 1910.]

THE STATE OF WASHINGTON, *Respondent*,
v. J. MONTGOMERY, *Appellant*.[1]

STATUTES—TITLE AND SUBJECTS. The title "An act relating to trade marks" is sufficient to embrace penal provisions for violations of the act.

TRADE-MARKS—INFRINGEMENT—COMPLAINT—SUFFICIENCY. A complaint for the infringement of a trade-mark label is sufficient when the charging part is in the words of the statute, Rem. & Bal. Code, § 9497, and the label is identified as that of the Allied Printing Trades Council, adopted, used, and filed as required by law.

JURY—BIAS—QUALIFICATIONS—DISCRETION OF COURT. In a prosecution for the infringement of a labor union trade-mark, prejudice of a juror is not shown and it is not an abuse of discretion to overrule a challenge for cause, where the juror was not acquainted with the defendant, knew nothing of the case, and was not a member of any union, although he had been a member and was favorably inclined towards unions.

TRADE-MARKS—REGISTRATION—APPLICATION. An application for registration of trade-marks to consist of the words "Typographical Union Label" or "Allied Printing Trades Council" facsimile of each being attached, is not void as being in the alternative, but is rather an application for the registration of two labels, the law not prohibiting the registration of more than one label on one application.

SAME—REGISTRATION—EVIDENCE—CERTIFIED COPIES. Under the law making the secretary of state's attested certificate of the recording of a trade-mark proof of its adoption, and prescribing no form for the certificate, the secretary of state's certified copy of the application and label is sufficient prima facie proof of all acts necessary for registration, including the filing of two copies of the label required by law.

SAME—REGISTRATION—APPLICATION. The law does not require application for the registration of a trade-mark to be made by any particular person, and it is sufficient that one application for two labor union labels, having some interests in common, was made by the president of one of the unions in the interest and for the use of the unions.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 13, 1909, upon a trial

[1]Reported in 106 Pac. 771.

and conviction of the violation of a statute relating to trademarks. Affirmed.

*Million & Houser* and *George Friend*, for appellant.

PARKER, J.—The defendant was convicted of a misdemeanor under the act of 1897, Laws of 1897, pp. 65-69, entitled "An act relating to trade marks." Rem. & Bal. Code, § 9492 *et seq.* The complaint charges the defendant as follows:

"Then and there being the said J. Montgomery, in the county of King, state of Washington, on the 29th day of August, A. D. 1908, did then and there wilfully and unlawfully use the genuine label of Allied Printing Trades Council, an association or union of workingmen without being authorized so to do by said Allied Printing Trades Council, the label so used having been theretofore duly adopted and used by said Allied Printing Trades Council and filed, as provided by law, in the office of the secretary of state of the state of Washington, for the purpose of designating and distinguishing all goods, wares, and merchandise manufactured and put out by said Allied Printing Trades Council and its members, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington."

The portions of the law with which we are here concerned are as follows:

"Sec. 3.  Every such person, association or union, that has heretofore adopted or used, or shall hereafter adopt or use, a label, trade mark, term, design, device or form of advertisement, as provided in section one of this act, may file the same for record in the office of the secretary of state by leaving two copies, counterparts or facsimiles thereof, with said secretary, and by filing therewith a sworn application specifying the name or names of the person, association or union on whose behalf such label, trade mark, term, design, device or form of advertisement shall be filed, the class of merchandise and a description of the goods to which it has been, or is intended to be appropriated, stating that the

13—57 WASH.

party so filing or on whose behalf such label, trade mark, term, design, device or form of advertisement shall be filed, has the right to the use of the same, that no other person, firm, association, union or corporation has the right to such use either in the identical form or in any such near resemblance thereto as may be calculated to deceive, and that the facsimile or counterparts filed therewith are true and correct. There shall be paid, for such filing and recording, a fee of two dollars. Said secretary shall deliver to such person, association or union so filing or causing to be filed any such label, trade mark, term, design, device, or form of advertisement, so many duly attested certificates of the recording of the same as such person, association or union may apply for, for each of which certificates said secretary shall receive a fee of one dollar. Any such certificate of record shall, in all suits and prosecutions under this act, be sufficient proof of the adoption of such label, trade mark, term, design, device or form of advertisement. . . ." Rem. & Bal. Code, § 9494.

"Sec. 6. Every person who shall use or display the genuine label, trade mark, term, design, device or form of advertisement of any such person, association or union, in any manner, not being authorized so to do by such person, union or association, shall be deemed guilty of a misdemeanor. . . " Rem. & Bal. Code, § 9497.

It is contended by learned counsel for appellant that the title of the act is insufficient to include the criminal features in the body thereof, and that the act is therefore invalid, in so far as it provides for criminal liability for the violation of its terms. It seems to us that this contention has been disposed of by the former decisions of this court. In *State v. Ames*, 47 Wash. 328, 92 Pac. 137, a similar contention was made against the penal provisions of an act entitled, "An act to establish pilot regulations for the Straits of Juan de Fuca, Puget Sound, and all American waters pertaining thereto." And in *State v. Merchant*, 48 Wash. 69, 92 Pac. 890, an act entitled, "An act to protect stockholders and persons dealing with corporations in this state," was assailed upon the same ground. It was held in both of these

cases that the titles were sufficient to include penal pro-
visions in the body of the acts. Some effort is made to dis-
tinguish between the titles there considered and the title to
this act, on the ground that this title is less suggestive of
penal provisions in the body of the act than are those titles.
None of these titles refer in terms to any penal provision
in the body of the acts, nor do we think it necessary that they
should do so in order to support such provisions. In *State
v. Merchant*, at page 72, Chief Justice Hadley, speaking for
the court, said: "The constitutional provision is not neces-
sarily violated by a mere failure to state in the title of an act
that the act itself carries a penalty," referring to the con-
stitutional provision that, "No bill shall embrace more than
one subject and that shall be expressed in the title." It is
not contended that the other provisions of the act are with-
out the scope of its title, and since the penal provisions
furnish a lawful and appropriate means of protecting the
rights secured by the act, we think the title is sufficient to
include such provisions.

It is next contended that the complaint is insufficient, in
that it does not state in what particular manner the label
was used, and, also, in that it does not describe the label. It
will be noticed that the charging part of the complaint is in
almost the exact words of the penal provision of § 6 of the
act, and that the label is described, or rather identified, as
being the label of the Allied Printing Trades Council,
adopted, used and filed as provided by law. We think this is
sufficient. *State v. Ryan*, 34 Wash. 597, 76 Pac. 90; *State
v. Bogardus*, 36 Wash. 297, 78 Pac. 942; *State v. Smith*,
40 Wash. 615, 82 Pac. 918; *State v. Lewis*, 42 Wash. 672,
85 Pac. 668; *State v. Davis*, 43 Wash. 116, 86 Pac. 201.

Counsel for appellant challenged the juror Lee for cause,
and upon the court's denial of the challenge, assigns error.
Upon the examination of the juror, it was shown that he
was not acquainted with the defendant and knew nothing
about the case, that he had been a member of a union but was

not now, and had not been since 1895, that he was very much in favor of the unions though not a member. While his somewhat extended examination showed his favorable inclinations toward the unions was quite pronounced, it did not show any prejudice against the defendant or any opinion upon the question of the defendant's guilt or innocence. Upon such a showing it became largely a matter of discretion with the trial court in the disposition of the challenge, and we are unable to see that there was any abuse of such discretion in the court's holding that the juror was qualified.

It is further contended that the court erred in admitting in evidence a certified copy, made by the secretary of state, of the application for registration of the label in question. It appears from this certified copy that the application was made and sworn to by the president of the International Typographical Union of North America. It was filed and recorded in the office of the secretary of state September 27, 1906, and was introduced in evidence in this case for the purpose of showing registration of the label under this law. It is urged against the admission of this document in evidence that it shows an application for registration of two different labels in the alternative, and does not show which one is intended to be registered. The application states:

"The label, mark, brand, stamp, device, design or form of advertisement sought to be registered, consist of an imprint containing the words 'Typographical Union Label,' or containing the words 'Allied Printing Trades Council,' together with name of city or town in which is located the local union or subordinate body using said label. A facsimile of said label, mark, brand, stamp, device, design or form of advertisement is as follows:

"For Typographical Union Label. (Facsimile attached)
"For Allied Printing Trades Council Label. (Facsimile attached)"

We are unable to agree with this contention, but it seems to us the application shows an intention to register both

labels, and there does not appear to be anything in the law prohibiting the registration of more than one label by one application.

It is also contended that it does not appear from this application and certificate of the secretary of state that two copies of the label in question were filed as the law requires. A copy of the label in. question is embodied in and made part of this application. It is true there is nothing in the copy of the application or certificate of the secretary of state thereto, here offered in evidence, stating in terms that two copies of the label were filed. It will be noticed, however, that the law provides that the secretary of state shall make duly attested certificates of the recording at the instance of persons interested, and that such certificates shall "In all suits and prosecutions under this act be sufficient proof of the adoption of such label. . . . " The law does not provide any form for the certificate to be made by the secretary of state; it would therefore seem that a certified copy of the application with a copy of the label embodied therein, showing the filing and recording thereof, is an appropriate manner of certifying such recording, to be used in evidence as the law provides. The fact that the secretary received and filed the application, we think is sufficient *prima facie* proof that all necessary acts, including the filing of the necessary copies of the label, were performed entitling the label to registration.

It is also urged against the admission of this certified copy that the application for registration was not made by the Allied Printing Trades Council. It is true the application appears to have been verified by the president of the International Typographical Union of North America. The application discloses the fact, however, that these two associations have some interests in common, and that the label in question was registered for the use of the "Allied Printing Trades Council." There appears to be nothing in the law requiring the registration or the verification of the ap-

plication to be made by any particular person. We think it is sufficient if it is apparent upon the face of the application that it is made in the interest and for the use of some person or association therein designated. We think the certified copy of the application, showing its filing and recording in the office of the secretary of state, was admissible in evidence as *prima facie* proof of the adoption and recording of the label in question.

As to other contentions briefly suggested by counsel for appellant, we find no prejudicial error therein, and do not feel called upon to discuss them. We are of the opinion that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.