[No. 10277.   Department Two.   May 31, 1912.]

THE STATE OF WASHINGTON, *on the Relation of the Great Northern Railway Company*, Plaintiff, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY *et al.*, Respondents.[1]

STATUTES—SUBJECT AND TITLES—MATTERS EMBRACED WITHIN TITLE. A provision authorizing a railroad company to condemn property is germane to the title "An act to provide for the formation of corporations," and does not violate the organic act which provides that every law shall embrace but one subject, to be expressed in the title.

EMINENT DOMAIN—PROPERTY SUBJECT—PUBLIC USE—MATERIAL FOR RAILROAD FILL. The taking of soil to make a railroad embankment is a public use, where it appears that for twenty-two miles the rail-

[1]Reported in 123 Pac. 996.

way line has been damaged and washed away by floods, which interfered with traffic and the safety of the public, that it was necessary to raise embankments upon which the railroad is constructed, and that the land is necessary to obtain earth therefor.

Certiorari to review a judgment of the superior court for Snohomish county, Black, J., entered March 4, 1912, dismissing a proceeding to appropriate land by a railroad, upon sustaining a demurrer to the petition. Reversed.

*F. V. Brown* and *F. G. Dorety*, for relator, contended, among other things, that the taking of land for the purpose of getting necessary material is a public use, and authorized by the statute. *Bigelow v. Draper*, 6 N. D. 152, 69 N. W. 570; *Milwaukee & St. Paul R. Co. v. Milwaukee*, 34 Wis. 271; *Reusch v. Chicago, B. & Q. R. Co.*, 57 Iowa 687, 11 N. W. 647; *Vermont Cent. R. v. Baxter*, 22 Vt. 365.

*Arctander, Halls & Jacobsen*, for respondents, contended, *inter alia*, that the taking of land for the purpose of obtaining materials for construction was not a public use, and is not authorized by the statute or constitution. *In re Rhode Island Suburban R. Co.*, 22 R. I. 455, 48 Atl. 590; *Eldridge v. Smith*, 34 Vt. 484; *Varner v. Martin*, 21 W. Va. 534; *State v. Commissioners of Mansfield*, 23 N. J. L. 510, 57 Am. Dec. 409; *New York & Canada R. Co. v. Gunnison*, 1 Hun 496; *Spring Valley Water-Works v. San Mateo Water-Works*, 64 Cal. 123, 28 Pac. 447; *Jefferson etc. R. Co. v. Hazeur & Co.*, 7 La. Ann. 182.

MOUNT, J.—The relator brought an action in the court below, to condemn a certain tract of land belonging to the respondents Christian Joergenson and wife. The railway company seeks the land for the purpose of removing the earth therefrom, in order to fill and raise the grade of its railway between the stations of Silvana and Burlington, a distance of about twenty-two miles. The tract of land sought lies between these stations, and adjoins the right of way of the

railway company.   The object for which the land is sought
is stated in the petition as follows:

"The obtaining of materials for construction and mainte-
nance of the railroad of your petitioner as hereinafter de-
scribed, and for the security and safety of the public in the
construction, maintenance and operation of said railway.
That your petitioner owns and is now operating a line of
railroad from the city of Vancouver in the Province of Brit-
ish Columbia, Dominion of Canada, to the city of Seattle, in
the State of Washington, and through the State of Washing-
ton to the cities of St. Paul and Duluth in the state of Min-
nesota, and that it operates trains over said railway and
other tracks to the city of Portland in the state of Oregon.
That the said railway of petitioner serves the towns of Bur-
lington in the county of Skagit and Stanwood and Silvana in
the county of Snohomish, which towns have stations situated
upon the main line of your petitioner between Vancouver,
British Columbia and all other points mentioned herein, and
that the property herein sought to be appropriated imme-
diately adjoins the right of way of said railway.   That for
several years last past, and particularly in November, 1909,
and November, 1911, the said railway of your petitioner,
between said towns of Silvana and Burlington, for a distance
of approximately six miles to the south of the property
herein sought to be condemned, and for approximately six-
teen miles to the north of said property, has been damaged
and washed away by floods which have delayed traffic upon
said railroad and interfered with the security and safety of
the public, and that it is necessary for your petitioner to
raise the embankment upon which its railroad is constructed
between said towns of Silvana and Burlington and to secure
additional earth to construct said embankment.   That your
petitioner owns no land or earth from which materials for
constructing or raising said embankment can be conven-
iently and economically removed and used by your petitioner
for the purposes above mentioned, and that the object for
which the said lands, real estate and premises are sought to
be appropriated, condemned and acquired by your petitioner
is the obtaining of materials therefrom for the purposes
aforesaid.   That said object and use is a public object and
use and the public interest requires the prosecution of the
aforesaid enterprise of your petitioner, and that said lands,

real estate, premises and property sought to be appropriated herein are required and necessary for the purposes of such enterprise."

The respondents filed a denial of the allegations of necessity, and also a motion to dismiss the action upon the ground that the petition did not state facts sufficient to authorize a condemnation of the property sought. The lower court sustained this motion, and dismissed the petition; whereupon the relator sued out this writ of review. No question is made here as to the method of review, and we shall therefore assume, without deciding, that this is a proper method, and proceed to the merits of the case.

It is contended by the relator that the land sought is a proper subject of condemnation for the use stated, under the provisions of Rem. & Bal. Code, § 8738, and also under the provisions of § 8740. The respondents concede that § 8738 gives authority to the relator to condemn the land for the purpose described, but contend that this section is void because it was enacted in a law the title of which was insufficient. The statute is. as follows

"Any corporation may change the grade or location of its road or canal, not departing from the general route specified in the articles of incorporation, for the purpose of avoiding annoyances to public travel, or dangerous or deficient curves or grades, or unsafe or unsubstantial grounds or foundation, or for other like reasonable causes, and for the accomplishment of such change shall have the same right to enter upon, examine, survey, and appropriate the necessary lands and materials as in the original location and construction of such road or canal."

This statute was first enacted by the territorial legislature in 1869, as § 3, of chapter 3 of an act entitled, "An act to provide for the formation of corporations." The section was reenacted under the same title in 1873, and again in 1881. The organic act of the territory provided that, "Every law shall embrace but one object and that shall be expressed in

the title." Rev. Stats., § 1924. It is argued that the title of this act is insufficient to authorize the section quoted, and for that reason the section is void. Many cases decided by this court are cited to sustain this contention, among them being *Harlan v. Territory*, 3 Wash. Ter. 131, 13 Pac. 453; *Percival v. Cowychee & Wide Hollow Irr. Dist.*, 15 Wash. 480, 46 Pac. 1035; *Armour & Co. v. Western Construction Co.*, 36 Wash. 529, 78 Pac. 1106; *State v. Clark*, 43 Wash. 664, 86 Pac. 1067, and other cases. But we think none of these cases are controlling upon the question here presented. This provision of the organic act above referred to was not intended to require details and particulars to be stated in the title of acts. We have many times held that this provision and the same provision from our constitution do not require the title of an act to furnish an index of the whole act. *State ex rel. Zent v. Nichols*, 50 Wash. 508, 97 Pac. 728.

"A statute in the nature of an enabling act which embodies a general scheme of incorporation may embrace the greatest variety of subjects germane to corporations, under a title couched in the most general form of words, such as an act concerning private corporations. In treating of railroad corporations it may confer upon them the power to condemn land for right of way and to receive subscriptions of municipalities to their stock, and all this without coming within such a constitutional inhibition. The act 'to revise the laws providing for the incorporation of railroad companies' does not violate such a constitutional provision, by including the substantial provisions of a former law which imposes a liability upon railroad companies for injuries resulting from negligence to fence their tracks. 'An act to authorize the organization of annuity, safe-deposit, and trust companies,' may properly embrace a provision granting to such corporations the power to act as guardians of the estates of insane persons." 10 Cyc. 188, par. g.

So in this case, under a title, "An act to provide for the formation of corporations," we would expect to find the powers and duties of the corporations defined, and among these powers the right of eminent domain would naturally

be included because such right is germane to the creation or formation of corporations. The statute is therefore not void on account of the title.

It is argued with much force by counsel for respondents that the use of respondents' property sought in this case is a private and not a public use. The case of *In re Rhode Island Suburban R. Co.*, 22 R. I. 457, 48 Atl. 591, 52 L. R. A. 879, is relied upon to sustain this position, and is quoted at length in the briefs. It is there stated:

"The true test of such use is whether the taking is essential to the service of the public franchise, or whether it pertains only to the private interests of the company in the details of its business. The former constitutes a public use and the latter does not."

The petition in this case alleges, in substance, that the railway, for a distance of approximately twenty-two miles, has been damaged and washed away by floods, which have delayed traffic upon said railway and interfered with the security and safety of the public; that it is necessary to raise the embankments upon which the railroad is constructed; that the public interest and safety require the prosecution of said enterprise; and that this land is necessary therefor. These allegations must be taken as true in this case; and being so, it seems to follow that the use of the soil sought is essential to the service and use of the public franchise in order to provide for the safety of the public, and is not to provide for the private interests of the company. *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co.*, 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198.

For these reasons, we are of the opinion that the court erred in dismissing the petition. The judgment is therefore reversed, and the cause is reinstated for further proceedings.

ELLIS, MORRIS, and FULLERTON, JJ., concur.