[No. 12966.   Department Two.   June 7, 1916.]

WILLIAM HOLZMAN, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

STATUTES—TITLE AND SUBJECTS. The title "an act relating to local improvements, and repealing" certain acts is sufficient to embrace a section regulating the procedure in actions to foreclose liens for local assessments; the term "local improvements" being inclusive of the subject of local assessments.

SAME. The restrictions of 3 Rem. & Bal. Code, § 7892-40, upon the rights of lien holders of certificates of delinquency for general taxes, requiring them to pay all outstanding local assessments, is germane to the title of the act—"An act relating to local improvements."

SAME—TITLE AND SUBJECTS—AMENDMENTS. 3 Rem. & Bal. Code, § 7892-40, of the local improvement act, which requires lien holders of certificates of delinquency for general taxes to pay outstanding local assessments, is not unconstitutional as amending or revising 2 Rem. & Bal. Code, § 9262, permitting such lien holders to foreclose tax certificates upon paying accrued general taxes only, without setting out in full the section amended, as required by Const., art. 2, § 37.

[1]Reported in 157 Pac. 1086

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered July 21, 1915, upon findings in favor of the plaintiff, in an action to foreclose a delinquency certificate, tried to the court. Reversed.

*H. M. Stephens, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Post, Avery & Higgins,* for respondent.

PARKER, J.—The plaintiff, William Holzman, seeks foreclosure of a certificate of delinquency for general taxes due upon a lot in the city of Spokane, issued to him by the treasurer of Spokane county. The city of Spokane, as well as the owner of the lot, was made a defendant because it has liens upon the lot for local assessments levied to pay the cost of street improvements. The validity of these liens is not questioned by counsel for plaintiff, but they contend that he is entitled to foreclose his general tax certificate of delinquency as a superior lien to that of the local assessment liens without being required to proceed as prescribed by that portion of the local improvement law which reads as follows:

"The holder of any certificate of delinquency for general taxes shall, before commencing any action to foreclose the lien of such certificate pay in full all local assessments or instalments thereof outstanding against the whole or any portion of the property included in such certificate of delinquency, or, he may elect to proceed to acquire title to such property subject to certain or all local assessments a lien thereon, in which case the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so state." Laws 1911, p. 467, § 40 (3 Rem. & Bal. Code, § 7892-40).

This law was in force when the plaintiff acquired his delinquent certificate on September 7, 1911. The superior court rendered judgment of foreclosure as prayed for by plaintiff, decreeing sale of the lot to satisfy the general taxes, and that the assessment liens thereon held by the city, as well as all interest of the owner therein, be forever barred

and foreclosed by such sale and the issuance of the tax deed thereon. From this disposition of the case, the city has appealed to this court.

Counsel for respondent contend, and the trial court decided, that the above quoted portion of § 40 of the local improvement law of 1911 is unconstitutional and of no effect because of the violation, in its enactment, of §§ 19 and 37 of art. 2 of our constitution, reading as follows:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

The local improvement law of 1911 containing the above quoted provisions in § 40 thereof, looking to the enforcement of local assessment liens and in effect making them of equal rank with general tax liens when the latter has been transferred by the county to private individuals, is a general law complete within itself upon the subject of local improvements, including local assessments and the liens thereof, and purports to cover the whole subject-matter of which it treats. Its title reads:

"An act relating to local improvements in cities and towns, and repealing certain acts and parts of acts." Laws of 1911, page 441.

This title, it is insisted by counsel for respondent, does not sufficiently express the subject-matter included in the provisions of § 40 above quoted. This court has always liberally construed the constitutional requirement that the subject-matter of an act of the legislature shall be expressed in its title, and has deferred to legislative discretion touching that requirement, except in cases of its plainest violation. The doctrine that all reasonable doubts as to the constitutionality of an act of the legislature should be resolved in favor of upholding the act has peculiar force in the solution of the question of whether or not the act has been in form constitution-

ally passed, because such a constitutional question has to do with legislative procedure. In other words, it has to do with the methods of transacting public business by a co-ordained branch of the state government, and not with those constitutional guaranties of personal rights which it is the peculiar province of the courts to protect.

In *Lancey v. King County*, 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817, the court observed:

"An act of the legislature will not be declared void except in cases where the violation of this constitutional inhibition is most clear, and sound policy and legislative convenience require that this provision should be liberally construed."

The title of the act there involved is "An act to grant and prescribe power to counties relative to public works . . .," and notwithstanding the title made no mention of the power of eminent domain, it was held sufficient to authorize the granting of such power in the body of the act.

In *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91, an act entitled "An act providing for the location, construction and maintenance of the University of Washington . . ." was held sufficient to authorize in the body of the act the sale of the old university site in the city of Seattle, notwithstanding the title of the act did not in terms mention that subject.

In *State ex rel. McFadden v. Shorrock*, 55 Wash. 208, 104 Pac. 214, an act entitled "An act to establish a general uniform system of public schools" was held sufficient to authorize a provision in the act prescribing vaccination of children as a prerequisite of their right to attend the public schools, though the subject of vaccination was not in terms mentioned in the title.

In *State v. Montgomery*, 57 Wash. 192, 106 Pac. 771, it was held that an act entitled "An act relating to trade marks" authorized provisions in the act prescribing penalties for its violation, though no mention was made of that specific subject in the title.

In *State ex rel. Great Northern R. Co. v. Superior Court,* 68 Wash. 572, 123 Pac. 996, 40 L. R. A. (N. S.) 793, the title of an act reading "An act to provide for the formation of corporations" was held sufficient to authorize the conferring upon corporations of the power of eminent domain.

Among numerous other decisions showing the liberal tendency of the court and its deference to legislative discretion upon this subject, the following may be noted: *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520; *Seymour v. Tacoma,* 6 Wash. 138, 32 Pac. 1077; *Johnston v. Wood,* 19 Wash. 441, 53 Pac. 707; *State v. Moran,* 46 Wash. 596, 90 Pac. 1044; *State ex rel. Zent v. Nichols,* 50 Wash. 508, 97 Pac. 728; *State v. Asotin County,* 79 Wash. 634, 140 Pac. 914; *Cawsey v. Brickey,* 82 Wash. 653, 144 Pac. 938.

Counsel for respondent suggests some doubt as to the subject of local assessments being a proper subject of legislation within the title of this act, since the words "local improvements" only, are used therein as descriptive of the subject-matter of the act. We do not understand this thought to be advanced as a serious argument against the propriety of including the subject of local assessments in the body of the act. This, however, as a preliminary suggestion, is worthy of notice. We think whatever contention might be made to that effect would find its answer in the fact that the term "local improvements" suggests to the common understanding "local assessments" to pay the cost of such improvements. When a street improvement is constructed by a city and the whole cost thereof paid by the city from its general funds, such improvement does not differ in its legal aspects from any other public improvement. Indeed, the only thing that substantially differentiates a local improvement from any other public improvement is the manner of exercising the taxing power to pay for its construction. In other words, it is a local improvement when it is of that nature which entitles the city to cause it to be paid for by local assessments against property which is benefited by its

construction, and when the city elects to so treat it. It seems quite plain to us that the term "local improvements," as used in the title of this act, is inclusive of the subject of local assessments.

It is contended in respondent's behalf that the restrictions upon the rights of lien holders of certificates of delinquency for general taxes, prescribed by § 40 of the local improvement law above quoted, is not germane to the subject of local assessments and the liens therefor. The argument seems to go even farther than this, and proceeds to a considerable extent upon the theory that the subjects of general taxation and local assessments are so separable as to preclude legislation thereon in the same act without violating § 19 of art. 2 of the constitution, above quoted, requiring that no bill shall embrace more than one subject. We are unable to assent to these views. It seems to us that in this local improvement law, dealing, as it rightfully does, as far as its title is concerned, with the subject of local assessments and the liens thereof, the legislature had ample power to prescribe the rank of local assessment liens as compared with general tax liens in the hands of private persons, as well as other liens. The extent to which taxes, whether general or special, shall become liens upon property and the relative rank of such liens is purely a question of legislative will. 28 Cyc. 1198; 37 Cyc. 1138.

To say that, in a local improvement and assessment law, which by its title purports to cover only that subject, there cannot be constitutionally prescribed the rank of local assessment liens as compared with general tax liens in the hands of private parties, would also be in effect to say that, in a general tax law which by its title purports to cover only that subject, there cannot be constitutionally prescribed the rank of general tax liens as compared with local assessment liens. This seems necessarily so, in view of the fact that legislative power touching the extent and rank of both this class of liens is equal. It could as well be said that a me-

chanics' lien act which by its title referred only to that sub-
ject could not in the body of the act make that lien su-
perior to mortgage liens for want of sufficient title to the
act, or because of duplicity of subject-matter.

Counsel for respondent seem to rely principally upon the
decision of this court in *McMillan v. Tacoma*, 26 Wash. 358,
67 Pac. 68, and observations therein made touching the dis-
tinction between general taxes and local assessments. What
was there said was by way of argument for the purpose
of showing that, as the law then stood, local assessment liens
were inferior in rank to general tax liens, under the provision
of the then general tax law reading as follows:

"The said lien [general tax lien] shall have priority to
and shall be fully paid and satisfied before any recognizance,
mortgage, judgment, debt, obligation or responsibility to or
with which said real estate may become charged or liable."

It was held that the concluding language of this quoted
provision included local assessments, rendering them in-
ferior to the lien of general taxes. We find nothing in that
decision touching the question of the power of the legislature
to prescribe the relative rank of the two liens in the one act.
Indeed, so far as the title of the act is concerned, reading:
"An act to provide for the assessment and collection of taxes
in the state of Washington," the power of the legislature
was there recognized to be sufficient to prescribe in the body
of the act the relative rank of the liens, though the title of
the act was silent on the subject of local assessments. If
this can be done, we are quite unable to see why the same
thing could not be done in an act relating alone to local im-
provements and local assessments, as was done in this act,
since, as we have seen, the power of the legislature is equal
as to both classes of taxation. We are of the opinion that
the provision of the local improvement act here in question
is not unconstitutional because of any violation of the con-
stitutional requirement that "no bill shall embrace more than

one subject, and that shall be expressed in the title." Const., art. 2, § 19.

It is further contended by counsel for appellant that § 40 of the local improvement act of 1911, above quoted, is unconstitutional in that it constitutes an attempt to revise or amend a section of the general revenue law of the state without setting forth the section so attempted to be revised or amended, as required by § 37 of art. 2 of the constitution above quoted. The portion of the general revenue law which it is claimed was attempted to be so unconstitutionally amended is Rem. & Bal. Code, § 9262 (P. C. 501 § 253), then in force, which permitted a private holder of a general tax certificate of delinquency to foreclose the same upon his paying accrued general taxes only, and together with other sections of the general revenue law in effect, rendered such foreclosure a bar to local assessment liens as well as all other liens. *McMillan v. Tacoma*, 26 Wash. 358, 67 Pac. 68; *Pennsylvania Co. v. Tacoma*, 36 Wash. 656, 79 Pac. 306; *Ballard v. Ross*, 38 Wash. 209, 80 Pac. 439. As we have already pointed out, this local improvement act is complete within itself and purports to deal with the entire subject of local improvements, including local assessments and the liens thereof. Counsel for respondent rely particularly upon our former decisions in *Copland v. Pirie*, 26 Wash. 481, 67 Pac. 227, 90 Am. St. 769, and *State ex rel. Arnold v. Mitchell*, 55 Wash. 513, 104 Pac. 791. It may be conceded that counsel's contention finds some support in these decisions, but we think they are no longer controlling upon this question in the light of the more recent decisions of this court.

In *Spokane Grain & Fuel Co. v. Lyttaker*, 59 Wash. 76, 109 Pac. 316, Chief Justice Rudkin, speaking for the court, reviewed the question at length, citing and quoting from numerous authorities. The act there involved was entitled "An act relating to materialmen's liens and the enforcement thereof." The body of the act contained but one section and

dealt with but one phase of the mechanics' and materialmen's lien statute; that is, a certain notice to be given the owner by a lien claimant as a prerequisite to his right to enforce the lien, leaving the general lien statute otherwise untouched and making no reference thereto. Plainly this act worked an amendment to the general lien law, but it did not purport to be such upon its face, being an act complete within itself. The problem was much like that presented in the *Copland* case. The act was held not to violate any provision of the constitution by reason of the manner in which it worked a change in the general lien statute. After reviewing a number of authorities, the following observations are made at page 82:

"It seems to us the foregoing authorities demonstrate that the act in question is not violative of the constitutional provision under consideration. Nearly every legislative act of a general nature changes or modifies some existing statute, either directly or by implication, and as said by the court in *Ex parte Pollard, supra* [40 Ala. 77], 'Whether an amendatory or an original act should be employed is a matter of legislative judgment and discretion which the courts cannot control.' The purpose of the constitutional provision was to protect the members of the legislature and the public against fraud and deception; not to trammel or hamper the legislature in the enactment of laws. If the act in question were entitled an act to amend the lien laws of the state, by proper reference, its validity could not be called in question, yet, what additional information would such a title or such an act bring home to either the legislature or the public. True, such an amendment would direct attention to the existing laws on the subject, but such was not the object or purpose of the framers of the constitution. So long as a legislative act is complete in itself, and has a sufficient title, it satisfies the requirements of the constitution, whether it contains much or little. The legislature may embody all legislation relating to a given subject in a single act, or it may cover the subject by a succession of acts. This is entirely a matter of legislative discretion over which we can assume no control."

Following these observations is a criticism of the decision in the *Copland* case which materially weakens its force, and which may well be argued as in effect overruling it. It is worthy of note that Justice Fullerton concurred in these views, notwithstanding he was the writer of the opinion in the *Copland* case. These views are again adhered to and this decision quoted from with approval in *State ex rel. Hunt v. Tausick*, 64 Wash. 69, 116 Pac. 651, 35 L. R. A. (N. S.) 802, and also in *State ex rel. Jones v. Clausen*, 78 Wash. 103, 138 Pac. 653. It is also worthy of note that Justice Chadwick is the writer of this decision, though he was also the writer of the decision in the *Arnold* case, relied upon by counsel for respondent.

We conclude that § 40 of the local improvement law of 1911 is a valid portion of that law, with which respondent must comply in the foreclosure of his general tax certificate of delinquency, and that the constitutional requirement as to amendments of existing laws was not violated in its enactment in this form.

The judgment is reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

MOUNT, FULLERTON, and HOLCOMB, JJ., concur.

MORRIS, C. J., took no part.