GEORGE A. GRANT, *Individually and as County Auditor of King County, Appellant,* v. DON H. EVANS et al., *Respondents.*[1]

Reported in 1 P. (2d) 852.

*Shorts & Denney* and *Clinton H. Hartson,* for appellant.

*Robert M. Burgunder, Arthur M. Hare,* and *David J. Williams,* for respondents.

*John H. Dunbar, E. P. Donnelly, A. C. Van Soelen,* and *J. Ambler Newton, amici curiae.*

HOLCOMB, J.—This action was brought as a test case, by appellant, to enjoin the issuance and sale by respondents of $500,000 general bonds of King county for the purpose of paying part of the cost of constructing the so-called "Aurora avenue bridge" in Seattle to carry the traffic of the Pacific highway. The construction of the bridge was begun under a plan whereby the entire cost would be borne by the state, King county, and Seattle, in agreed proportions.

A resolution was duly adopted by the board of county commissioners of King county under which there was submitted to the voters of the county, at the general election held on November 4, 1930, the question of the issuance by the county of $1,000,000 in bonds for paying a part of the cost of the bridge. The proposition, so submitted, received the statutory favorable vote, and thereafter, pursuant to another resolution adopted by the board, bids for $500,000 of the bonds were called for. Bids were accordingly presented, and, by another resolution passed by the board, a joint bid of two bond purchasers, being the best bid therefor, was accepted by the board, and the bonds sold to those bidders. By other resolutions, the board had fixed the form, date, and other details of the bonds, and fixed the definite maturities of the same.

Injunction was sought solely on the ground that the county had no statutory authority, even with the consent of the voters, to issue the bonds. No question of

the constitutional or statutory debt limit is here involved. .

The trial court sustained the general demurrer of respondents to the complaint; appellant elected to stand on his complaint, whereupon the court entered judgment of dismissal.

Three propositions are presented by appellant: (1) The bond issue is not for a strictly county purpose. (2) Rem. Comp. Stat., § 6516 (Laws of 1901, Chap. 70, p. 120, as amended by Laws of 1909, Chap. 98, p. 377), is unconstitutional. (3) Rem. Comp. Stat., § 5592, should apply to the facts in this case.

 · The constitutional limitation invoked by appellant is that part of the state constitution, Art. VIII, § 6, reading:

". . . Provided, that no part of the indebtedness allowed in this section shall be incurred for any purpose other than strictly county . . . purposes: . . ."

*Shea v. Skagit County*, 68 Wash. 233, 122 Pac. 1061, relied upon by appellant, is not in harmony with earlier and later cases decided by this court. *Lancey v. King County*, 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817, where the securing of the right of way for the Lake Washington canal, for the Federal government, was involved, held that to be a county purpose and that,

"The word 'strictly' lends little or no additional meaning to the provision."

In *State ex rel. Board of Commissioners v. Clausen*, 95 Wash. 214, 163 Pac. 744, we held that it was a strictly county purpose to authorize and compel Pierce county to appropriate and pay for lands therein, for Federal military purposes. In *Rust v. Kitsap County*, 111 Wash. 170, 189 Pac. 994, we receded from the holding in the *Shea* case, as not being sound. In that case

we also said: "In so far as the work is done by the particular municipal corporation it is strictly its purpose."

We feel that it is definitely settled in this state that, if the purpose is a county purpose, even though it be performed concurrently with this, or another state, or a city, it is, nevertheless, a strictly county purpose. See *Rands v. Clark County,* 79 Wash. 152, 139 Pac. 1090.

The contention that Rem. Comp. Stat., § 6516, is unconstitutional is based upon the argument that the original act of 1901, *supra,* contained only one section which empowered any county, or any city of the first, second, or third class, to join in paying for the construction of any bridge within, or partly within, such city. In 1909, the legislature passed Chap. 96, Laws of 1909, p. 229, now codified as § 6516, *supra,* containing only one section, which amended the 1901 act to read:

"That any county . . . and any city or town, . . . and the State of Washington, or any two of such bodies, be, and they are hereby authorized . . ."

It is argued that the title of the 1909 amending act, extending the provisions of the 1901 act to towns, included the state in the section without mention of any such subject in the title of the act.

Whatever may be the effect as to the constitutionality of the act respecting the state of Washington, it is not here complaining. Whether or not the act of 1909, with a defective title, would be unconstitutional as to it, is not necessary here to decide. If the act is unconstitutional, it is so only as to the state, which is immaterial in determining this case.

As to the last question raised by appellant, he concedes that the county would have authority to issue these bonds under the provisions of Rem. Comp. Stat.,

§§ 5575 to 5583, were that authority not restricted by the later act, Laws of 1913, Chap. 25, p. 63, Rem. Comp. Stat., §§ 5592 to 5598. The first sections above cited were originally enacted by Laws of 1890, Chap. 2, p. 37. In Laws of 1913, Chap. 25, p. 63, now codified as §§ 5592 *et seq., supra,* there is a provision as follows:

"No proposition for bonds shall be submitted which proposes that more than forty per cent of the proceeds thereof shall be expended within any city or town or within any number of cities and towns."

These sections are very lengthy and will not be set out at length here. It is apparent, however, what that act contemplated was to give county commissioners of all counties power to submit to the voters, as one proposition, a comprehensive plan contemplating the improvement or construction of a system composed of different highways, roads, streets, avenues, bridges, and other public ways, part of which might be within the corporate limits of towns and cities. For instance, § 1 of the act, Rem. Comp. Stat., § 5592, contains the following language:

"The question of the issuance of bonds for any undertaking which relates to a number of different roads or parts thereof, whether intended to supply the whole expenditure or to aid therein, may be submitted to the voters as a single proposition in all cases where such course is consistent with the provisions of the state constitution. If the county commissioners in submitting any such proposition relating to different roads or parts thereof find that such proposition has for its object the furtherance and accomplishment of the construction of a system of public and county highways in such county, and constitutes and has for its object a single purpose, such finding shall be presumed to be correct, and upon the issuance of the bonds such presumption shall become conclusive."

Then follows the restriction above quoted. A subsequent section of the same act (Rem. Comp. Stat.,

§ 5596), also very lengthy, further indicates the same intention. The last section of the act (§ 5598, *supra*), prescribes that the acts shall be concurrent with other provisions of the law as follows:

"This act shall not be construed as repealing or affecting any other act relating to the issuance of bonds for road or other purposes, but shall be construed as conferring additional power and authority."

Laws of 1913, Chap. 56, p. 168, was passed later at the same session, and approved by the governor later than Chap. 25, *supra.*

Chap. 56 was codified in Rem. Comp. Stat., as §§ 6524 to 6539, inclusive. This act was held to be general and comprehensive in its scope in *Barr v. Cowlitz County,* 127 Wash. 14, 220 Pac. 6, and would have controlled this matter.

This act, however, was purported to be repealed by Laws of 1927, Chap. 250, p. 393, § 6. In Rem. 1927 Sup., carrying forward those sections, the codifier says:

"The above repeal is clearly abortive, since by its title the repealing act is confined to the subject of 'toll-bridges'; and the act of 1913 has no provision or word as to toll-bridges." Annotation to §§ 6524-6539.

However, the invalidity of the repealing act is not asserted by respondents here, nor Chap. 56, Laws of 1913, relied upon. It is, therefore, not a question to be passed upon in this case.

After a careful analysis of the several statutes, we conclude that § 6516, *supra,* being a valid statute as to counties and cities and towns, at least, is sufficient to authorize the joinder of King county and Seattle in the construction of the bridge in question and for the issuance of the bonds by King county in this proceeding. We are further of the opinion that the forty per cent restriction contained in § 5592, *supra,* was not intended to apply in such joinder as this, when the concluding

words of § 5598 of the same act are considered in connection therewith.

For the foregoing reasons, we conclude that the judgment of the trial court should be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, BEALS, MILLARD, BEELER, and MAIN, JJ., concur.

